Eleanor A. Sheibley, Petitioner *v.* Workmen's Compensation Appeal Board (ARA Food Services Company), Respondents.

Herbert Reigner, Petitioner *v.* Workmen's Compensation Appeal Board (Berk-Tek, Inc.), Respondents.

Argued June 5, 1984, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and PALLADINO.

*Mark S. Silver, Snelbaker, McCaleb & Elicker,* for petitioner, Eleanor A. Sheibley.

*John J. Speicher, Merkel & Spang,* for petitioner, Herbert Reigner.

*Philip D. Freedman,* for respondent, ARA Food Services Company.

*Richard A. Bausher, Stevens & Lee,* for respondent, Berk-Tek, Inc.

OPINION BY JUDGE PALLADINO, November 5, 1984:

Section 434 of The Pennsylvania Workmen's Compensation Act (Act)[1] provides that a referee may set aside a final receipt "if it be shown that all disability due to the injury in fact had not terminated." These consolidated appeals address the question of what burden of proof a workmen's compensation claimant

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

must meet to satisfy Section 434's requirement. We present the factual and procedural history of each case separately, followed by our resolution of the question of law.

## 430 C.D. 1982

Claimant, Eleanor Sheibley, worked for ARA Food Services Company as an Assistant Food Director. She sustained a work-related injury on June 14, 1977, described by the Notice of Compensation Payable as "back and neck injuries." She returned to work on July 16, 1977, but continued to suffer residual problems from her injury, necessitating a neck brace. Claimant signed a final receipt, terminating the employer's liability, on December 2, 1977. On October 4, 1978, Claimant consulted Dr. T. S. Armstrong, an orthopedic surgeon, because she was experiencing pain in the cervical and thoracic areas.[2] Claimant continued to consult Dr. Armstrong on a regular basis. In February of 1979, she began experiencing elbow pain which was unrelated to her work-related injury, and which required surgery in December of 1979. Claimant missed approximately six weeks of work following the surgery, and returned to work on January 21, 1980. When she returned to work, Claimant was put on the night shift which required more physical labor than her previous shift. She found that she was unable to perform her job because of neck and elbow pain, and consequently she left on January 29, 1980, because of this pain. Claimant filed the Petition to Set Aside Final Receipt on February 4, 1980.

At the hearing before the referee, Claimant presented the deposition testimony of Dr. Armstrong, in addition to her own testimony. The referee found that

---

[2] Claimant testified that she had consulted other health professionals during the period between the time she first returned to work and her first visit to Dr. Armstrong.

Claimant was not completely recovered from her in-. jury when she returned to work on July 16, 1977, and that her subsequent treatment by several persons in the medical field was "credible and positive and unrefuted proof of her continuing disability." Based on the testimony of Dr. Armstrong, the referee also found that "Claimant was disabled from performing her regular employment on and after January 29, 1980, due to her work-related injury." The referee concluded that Claimant met her burden of proving that the final receipt should be set aside, and awarded compensation.

The Workmen's Compensation Appeal Board (Board) reversed, holding that: (1) Claimant had not met her burden of conclusively proving by clear and convincing evidence that all disability attributable to the prior injury had not in fact terminated when the final receipt was executed; and (2) Claimant had not proved that the original injury was the cause of her present disability. The Board found that Claimant had not presented unequivocal medical testimony concerning the existence of her disability at the time she signed the final receipt, and that testimony of Dr. Armstrong was not unequivocal on the issue of causation and would not satisfy Claimant's burden.

### 3316 C.D. 1982

Claimant, Herbert Reigner, sustained a work-related injury on March 8, 1977, while working for Berk-Tek, Inc. (Respondent). He missed one week of work and returned to work for Respondent on March 15, 1977. Claimant again missed work from April 11, 1977, to April 24, 1977, returned to work April 25, 1977, and worked through August of 1977. A Notice of Compensation Payable dated April 28, 1977, was filed with the Bureau of Workmen's Compensation for disability resulting from an acute lumbosacral strain,

for the periods of March 9, 1977, to March 14, 1977, and April 11, 1977, to April 24, 1977. Compensation totalling $337.66 was received by Claimant, and on May 2, 1977, he signed a final receipt. In August of 1977, Claimant voluntarily quit his job with Respondent and began working in New York for a series of employers. On January 16, 1978, Claimant injured his back while pulling a railroad jack weighing approximately fifty pounds. Claimant left that job and thereafter worked intermittently for several employers until April of 1980. In November of 1979, when Claimant was applying for a job, he was told that he had spondylolisthesis,[3] and was not hired for that reason. In March of 1980, Claimant was hospitalized and a spinal fushion was recommended to correct the spondylolisthesis condition. The Petition to Set Aside Final Receipt was filed on April 16, 1980, alleging that since the work-related injury of March 8, 1977, the condition of Claimant's back had deteriorated, and required corrective surgery. Claimant underwent the spinal fusion on April 22, 1980, and resumed working for an employer other than Respondent on September 2, 1980.

The referee dismissed the Petition to Set Aside, holding that Claimant failed to prove by sufficient competent credible evidence that all disability due to the March 8, 1977, injury had not terminated on April 25, 1977, when the final receipt was signed. Additionally, the referee found that Claimant's back condition pre-existed the 1977 injury, and therefore the surgery was not a result of that injury. The Board affirmed, holding that the referee did not capriciously disregard competent evidence in rejecting the testimony of Dr. Morrissey, Claimant's treating physician, concerning

---

[3] Spondylolisthesis is a forward movement of the body of one of the lower lumbar vertebrae on the vertebra below it, or upon the sacrum. Stedman's Medical Dictionary 1322 (24th ed. 1982).

the causation of Claimant's disability.[4] Without this rejected testimony, the Board held that Claimant did not meet his burden of proving by clear and convincing evidence that all disability attributable to the original injury of March 8, 1977, had not terminated when the final receipt was executed.

### DISCUSSION

In both of these cases, the Board stated that Claimants had the burden of conclusively proving by clear and convincing evidence that all disability attributable to the original injury had not terminated when the final receipt was signed. Claimants argue in this appeal that this burden of proof is too harsh, in light of recent amendments to Section 434, and the remedial nature of the Workmen's Compensation Act.

A brief history of Section 434 is beneficial to understanding the issue.

The original Section 434 was added to the Act in 1919, and provided:

> A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, reciting that the disability or dependency has terminated, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board, or a referee designated by the board, may, at any time, set aside a final receipt, upon petition filed with the board, if it be proved that such receipt was procured by fraud, coercion, or other improper conduct of a party or is founded upon mistake of law or fact.

---

[4] The referee rejected the testimony of Dr. Morrissey because the hypothetical questions used to elicit the testimony were based on material factual inaccuracies.

The bases for setting aside a final receipt were most probably borrowed from the requirements imposed in proceedings to set aside, reform or modify written transactions or official acts. *See* C. T. McCormick, McCORMICK ON EVIDENCE, ch. 36, §340 (3d ed. 1984) (clear and convincing proof is necessary to set aside written transactions or official acts on the grounds of fraud, mistake or incompleteness).

The language of the section was amended in 1937 to require proof that the injured worker was not in fact able to return to work without loss of earning power, or that the employee had an existing disability at the time the final receipt was taken. The 1937 amendment reduced the burden required to set aside the final receipt, but this change was short lived. In 1939 the legislature again amended Section 434, this time to require a claimant to prove conclusively that the final receipt was procured by fraud, coercion or other improper conduct of a party, or was founded upon mistake of law or fact. The language inserted in 1939 reverted back to the 1919 version, with the addition of the conclusive proof requirement.

This conclusive proof burden was retained in the 1956 amendments, but the basis for setting aside the final receipt was changed to a showing that all disability due to the accident in fact had not terminated. The current version of Section 434 was enacted in 1972 without the conclusive proof language. This section now reads:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years

from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

Under the 1956 version, the Pennsylvania Superior Court interpreted the phrase "conclusively prove" as imposing a burden requiring clear and convincing proof. *Bun v. Central Pennsylvania Quarry, Stripping & Construction Co.*, 194 Pa. Superior Ct. 630, 169 A.2d 804 (1961). This Court adopted the Superior Court's approach in *Whitehead v. Casey Building Wreckers, Inc.*, 6 Pa. Commonwealth Ct. 256, 294 A.2d 215 (1972). After the 1972 amendment, however, the burden of proof imposed by this Court under Section 434 did not change to reflect the change in the statute. Therefore, we find that it is time to evaluate the burden of proof a claimant must meet to set aside a final receipt under the present language of the section.

Under the pre-1972 versions of Section 434, the clear and convincing proof standard reflected the higher burden which the legislature and the courts imposed on a claimant who alleged that he or she was mistaken about the termination of disability at the time he or she signed the final receipt. In essence, a claimant was required to show a mistake of fact in order to set aside a final receipt under Section 434.[5]

Because the conclusive proof requirement has been eliminated from Section 434, we hold that a claimant no longer must "conclusively prove by clear and convincing evidence" that all disability due to the injury had not terminated at the time the final receipt was

---

[5] Of course, if the final receipt is obtained through fraud or other misrepresentation, Section 434 does not preclude a claimant from challenging the validity of the final receipt on that basis.

signed.[6] Instead, a claimant must show by sufficient credible competent evidence that all disability due to the injury had not terminated when he signed the final receipt. What we mean by the term sufficient is that quantum of evidence which satisfactorily persuades a fact finder that some disability did exist at the time when the final receipt was executed.[7]

Turning to the cases at hand, the referee who heard Claimant Sheibley's case relied upon the medical testimony of Dr. Armstrong as well as Claimant's testimony concerning her physical condition and her continuing visits to health professionals. As Dr. Armstrong did not first see Claimant until nine months after she had signed the final receipt, the Board properly held that the medical evidence did not support the claim that Claimant's disability existed at the time when she signed the final receipt.[8] The question remains however, whether Claimant's testimony is sufficient evidence to establish the existence of the disability when she signed the final receipt. We do not believe it is. We hold that medical evidence is necessary to meet a claimant's burden under the sufficient competent evidence standard set forth above. Therefore, the decision of the Board reversing the referee

---

[6] It is a fundamental rule of statutory construction that a change of language indicates a change of legislative intent. *Nemitz v. Air Services International*, 7 Pa. Commonwealth Ct. 373, 298 A.2d 654 (1972).

[7] We do not intend to affect the burden of proof which a claimant must meet in order to prove a recurrence of disability under Section 413, 77 P.S. §772. *See Jerry Green & Sons v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 263, 437 A.2d 1279 (1981).

[8] The Board also held that Dr. Armstrong's testimony was not unequivocal on the issue of the causation of Claimant's present disability. Because we affirm the Board's refusal to set aside the final receipt on the burden of proof issue, we need not address the question of the quality of Dr. Armstrong's causation testimony.

and denying Claimant Eleanor Sheibley's Petition to Set Aside Final Receipt is affirmed.

In Claimant Reigner's case, the referee found that Claimant failed to prove by sufficient competent credible evidence that all disability from the original injury had not terminated. The Board affirmed, stating the burden of proof as clear and convincing evidence. Although the Board applied the old burden, the burden used by the referee is in accordance with the standard set forth herein. We hold that the referee's analysis of the evidence under the above burden of proof is correct. The medical evidence presented by Claimant concerning his alleged disability only addressed the issue of causation, and not whether the disability had not terminated at the time Claimant signed the final receipt. In view of the testimony that Claimant's back condition was congenital and that Claimant had also suffered a back injury in 1978, the referee's rejection of Dr. Morrissey's testimony on causation was not a capricious disregard of competent evidence.

As the burden of proof and analysis of the referee were correct, his conclusion that Claimant had not met his burden of proof was properly affirmed by the Board. Accordingly, we affirm the decision of the Board dismissing Claimant Herbert Reigner's Petition to Set Aside Final Receipt.

ORDER IN 430 C.D. 1982

AND Now, November 5, 1984, the decision of the Workmen's Compensation Appeal Board at No. A-79886 is affirmed.

ORDER IN 3316 C.D. 1982

AND Now, November 5, 1984, the decision of the Workmen's Compensation Appeal Board at No. A-81396 is affirmed.

Judge MACPHAIL concurs in the result only.