Keystone Bakery, Inc., and Ranger Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Lack), Respondents.

Argued November 13, 1984, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*James M. Burton, Rosenzweig & Burton,* for petitioner.

*Robert J. Campbell, John A. Miller & Associates, Ltd.,* for respondent, Matthew A. Lack.

OPINION BY JUDGE PALLADINO, March 5, 1985:

Keystone Bakery (Employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order setting aside a Final Receipt signed by Matthew Lack (Claimant).

The referee made the following findings of fact. On November 16, 1980, Claimant fell and twisted his right leg while in the course of his employment with the Employer. Pursuant to a Notice of Compensation Payable, Claimant received compensation from November 17, 1980 until February 1, 1981, when he was able to return to work without a loss in earning power. Claimant returned to a specially created light-duty position which did not require him to be on his feet. Claimant signed a Final Receipt on February 14, 1981.

On March 2, 1981 Claimant was advised by the Employer's president, Mr. Coffey, that the specially created job was being eliminated and that Claimant could: 1) return to work on the line, which involved continuous standing; 2) take an early retirement; or

3) return to his prior position as a night supervisor, which also involved prolonged periods of walking and standing. Claimant has not worked since the elimination of the special position.

On July 22, 1981 Claimant filed a Claim Petition which was amended to a Petition to Set Aside Final Receipt at the referee's hearing. Claimant alleged that his disability had not, in fact, terminated on February 1, 1981, and that his disability had recurred on March 2, 1981. The referee found that the disability had not terminated on February 1, 1981 and set aside the Final Receipt. The Board affirmed, holding that the testimony of Claimant's physician, Dr. Hirsch, was sufficient to support the findings of the referee.

Where, as here, the party with the burden of proof prevailed before the referee and the Board did not take any additional evidence, our scope of review is to determine whether the findings of fact of the referee are supported by substantial evidence, and whether the referee committed an error of law or violated constitutional rights in his decision. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Deppenbrook)*, 82 Pa. Commonwealth Ct. 596, 476 A.2d 989 (1984).

The Employer raises three issues in this appeal: 1) the referee erred in not concluding that Claimant's disability was due to coronary problems unrelated to his job; 2) the referee erred by not finding Claimant to be only partially disabled; and 3) the findings of the referee are not supported by substantial evidence.

Viewing the testimony of Claimant's treating physician, Dr. Hirsch, which the referee accepted, we find no support for the Employer's argument that Claimant's disability was due to coronary problems. Dr. Hirsch testified that the injury at work had aggravated a pre-existing arthritic condition of the right

knee, and disabled Claimant from performing work other than that of a light, sedentary nature. Dr. Hirsch noted that Claimant also suffered from coronary problems, but stated that it was the knee injury which prevented Claimant from walking or standing for any period of time. Dr. Hirsch's testimony on this issue is sufficient to support the referee's conclusion that Claimant's disability resulted from a work-related injury.

The Employer's second argument, that the referee should have found Claimant to be partially disabled, is misplaced. The hearing before the referee was for the purpose of determining whether the Final Receipt should be set aside. In order to be entitled to the relief sought, all Claimant had to show was that some disability still existed at the time he signed the Final Receipt.[1] The referee found that Claimant met this burden with the deposition testimony of Dr. Hirsch. Once the Final Receipt is set aside, the existing Notice of Compensation Payable is reinstated. If the Employer wants to change the character of the disability, it must file a petition to modify under Section 413 of The Pennsylvania Workmen's Compensation Act,[2] and present proof to show a change in the nature of Claimant's disability. The Employer has not filed a petition under Section 413 in this case, and the referee was not obligated to address the question in the absence of such a petition.

We have carefully examined the record and we agree with the Board that the decision of the referee

[1] In order to set aside a final receipt, a claimant must show by sufficient credible competent evidence that all disability due to the injury had not terminated when he signed the final receipt. *Sheibley v. Workmen's Compensation Appeal Board*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

is supported by substantial evidence in the form of Dr. Hirsch's testimony.

Accordingly, the decision of the Board affirming the referee in setting aside the Final Receipt is affirmed.

ORDER

AND Now, March 5, 1985, the decision of the Workmen's Compensation Appeal Board at No. A-84584 is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.