Dunmore School District, Petitioner *v.* Workmen's Compensation Appeal Board (Lorusso), Respondents.

Argued January 28, 1985, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*David E. Heisler*, with him, *Matthew D. Dempsey, Lenahan & Dempsey, P.C.*, for petitioner.

*David L. Kurtz*, for respondent, Vito G. Lorusso.

OPINION BY JUDGE DOYLE, May 21, 1985:

Dunmore School District (Employer) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision setting aside a final receipt under Section 434 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §1001.

Vito Lorusso (Claimant) suffered a right inguinal hernia as a result of a work related injury on August 11, 1981, and began receiving benefits under a notice of compensation payable filed by the Employer on October 8, 1981. Claimant underwent surgery for repair of the hernia on October 26, 1981. On March 2, 1982,

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

Claimant signed a final receipt but attached to it a note which stated that he had not yet recovered from his injury and that he desired a hearing on the decision to terminate benefits. No hearing was ever scheduled on this request. Claimant did not return to work, and was later hospitalized for an operation to remove kidney stones. In October of 1982, he was again diagnosed as suffering from a right inguinal hernia, for which additional surgery was still pending at the time of the hearing on June 28, 1983.

On November 12, 1982, Claimant filed a *petition to reinstate* compensation with the Board. Hearings were held before the referee during which Claimant first requested that his petition be considered as a *petition to set aside* final receipt, and then requested that it *again* be considered *a petition to reinstate* compensation. The referee considered the petition as *a petition to set aside* final receipt, and found that Claimant had not recovered from the disability attributable to his work-related injury. Accordingly, the referee set aside the final receipt, and the Board later affirmed. Appeal to this Court followed.

On appeal Employer contends that the findings of the referee were not supported by substantial evidence in the record.[2] Initially in this regard Employer suggests that since Claimant chose to pursue a petition to reinstate rather than a petition to set aside, it was his burden to prove a recurrence of his disability. We recognize that Claimant's burden of proof depends upon the nature of his petition. In a petition to rein-

---

[2] Our scope of review in a workmen's compensation case where, as here, the party with the burden of proof has prevailed before the Board is to determine whether the referee's findings are supported by substantial evidence and whether there has been an error of law or a violation of constitutional rights. *Burns International Security Services, Inc. v. Workmen's Compensation Appeal Board (Crist)*, 79 Pa. Commonwealth Ct. 340, 469 A.2d 336 (1984).

state benefits under Section 413 of the Act,[3] Claimant's burden is to establish that a disability has increased or recurred after the date of the prior award. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon)*, 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983). On the other hand, in a petition to set aside a final receipt under Section 434 of the Act, Claimant's burden is to prove by sufficient credible competent evidence that all disability attributable to the injury had not, in fact, terminated when the final receipt was executed. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Company,* 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984).

In the present case, it is clear that despite Claimant's characterization of his petition as one to reinstate, the referee did not treat it as such, nor was he required to do so. The law is well settled that strictness of pleading in workmen's compensation cases is not required, and a petition presented under an improper section will be deemed to have been presented under the proper section.[4] *Royal Factories, Inc. v. Garcia,* 17 Pa. Commonwealth Ct. 59, 330 A.2d 864 (1975); *Lako v. Schlessinger,* 208 Pa. Superior Ct. 85, 220 A.2d 665 (1966). Since the referee was well within his authority in considering the present petition as a petition to set aside final receipt, our review is to determine whether Claimant met his burden under such a petition, rather than under a petition to reinstate.

In the present case, a review of the evidence indicates that Claimant has met his burden of proving that

---

[3] 77 P.S. §772.

[4] As long as the evidence justifies relief under some section of the Act, that relief may be granted regardless of the section under which the petition has been filed. *Rose v. Horn & Hardart Baking Co.,* 214 Pa. Superior Ct. 56, 251 A.2d 721 (1969). *See* Barbieri, Pennsylvania Workmen's Compensation §6.12(5) (1975).

all disability attributable to his prior injury had not, in fact, terminated when the final receipt was executed. Claimant's own testimony established that at the time of the final receipt his incision had not yet healed and he still felt weak. Claimant testified further that he had informed Employer of these facts in a note attached to the final receipt, which he had signed under the mistaken impression that it was simply an acknowledgment that benefits had been terminated.

Despite this testimony, Employer suggests that the evidence is insufficient to support the findings because of the lack of medical testimony. The only medical evidence offered in this case was a report submitted by a doctor who had first examined Claimant some seven months after the final receipt had been signed, indicating only that Claimant was disabled at *that* time, and not that he was disabled *at the time of the final receipt*. While it is true that this medical evidence cannot support the finding of disability at the time of the final receipt, the referee's finding in this regard is nonetheless well supported by Claimant's own testimony.

Unequivocal medical testimony is required to establish continuing disability only in those cases where the Claimant has resumed work with no loss of earning power and no obvious residual disability. *Ferguson v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 394, 396, 423 A.2d 63, 64 (1980) ; *Akers Central Motor Lines v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 185, 187-88, 403 A.2d 206, 207 (1979). Where it is obvious that the disability is the result of the original injury, however, medical testimony is not required. *Leedpak, Inc. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 512, 406 A.2d 1193 (1979).

In the present case Claimant testified that he did not return to work, and that he remained disabled due

to the incision from his work-related hernia operation, which had not yet healed. This testimony indicates that Claimant's disability and its cause were indeed obvious, and that medical testimony was thus not essential to carry Claimant's burden of proof. *Maciupa v. Union Switch & Signal*, 13 Pa. Commonwealth Ct. 126, 130, 317 A.2d 901, 903 (1974). *See Hills Department Store v. Workmen's Compensation Appeal Board (Breon)*, 73 Pa. Commonwealth Ct. 82, 457 A.2d 226 (1983).

For these reasons we conclude that the referee's findings are supported by substantial evidence. Accordingly, we affirm the Board's order affirming the referee's decision to set aside the final receipt.

Judge WILLIAMS, JR. did not participate in the decision in this case.

### ORDER

Now, May 21, 1985, the order of the Workmen's Compensation Appeal Board, No. A-86517, dated March 29, 1984, is hereby affirmed.