505 A.2d 632

Bethlehem Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Turjak), Respondents.

Submitted on briefs February 4, 1986, to Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert H. Holland,* with him, *Barbara L. Hollenbach, Holland, Taylor and Sorrentino,* for petitioner.

*Mark S. Refowich, Fishbone, Refowich & Scheer,* for respondent, Joseph F. Turjak.

OPINION BY JUDGE ROGERS, March 3, 1986:

Bethlehem Steel Corporation (employer) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision setting aside a final receipt under Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

Joseph F. Turjak (claimant) suffered a herniated disc, back sprain and strain, with involvement of connective tissue, on February 13, 1981, while using a jackhammer at work. The claimant received compensation for total disability from February 14, 1981 to November 18, 1981. He returned to work for the employer on November 19, 1981 at a light-duty job as a janitor. He received physical therapy at the employer's infirmary from November 19, 1981 until November 23, 1981.

On November 23, 1981, five days after returning to work as a janitor, the claimant felt a sharp pain in the back while emptying a trash receptacle. He was taken to the plant dispensary where he was treated by dispensary personnel. He signed the final receipt while at the dispensary.[1] He was unable to return to work after November 23, 1981.

Claimant consulted a chiropractor and was treated by him until June 1982. In May 1982, the claimant consulted Dr. David Eaton, a neurosurgeon. Dr. Eaton, together with Dr. Peter Kozicky, an orthopedic surgeon, performed a laminectomy, excision of a disc as well as a spinal fusion on the claimant.

---

[1] The claimant testified that he was made to wait an hour in the dispensary so that someone could bring a form for him to sign, that he was medicated and in pain and, therefore, did not know what he had signed. The employer did not refute this testimony.

On September 10, 1982, the claimant filed a claim petition alleging total disability since November 19, 1981, as a result of his injury on February 13, 1981. At a pretrial hearing, the referee granted the claimant's motion to amend his pleading to constitute a petition to set aside the final receipt. On June 27, 1984, the referee granted the claimant's petition as of November 23, 1981 based upon the claimant's proof by sufficient competent evidence that all disability resulting from his work-related injury of February 13, 1981 had not ceased as of November 23, 1981, when he executed the final receipt. The Board entered an opinion and order affirming the referee.

On its appeal to this court, the employer contends that the claimant did not present medical evidence to establish that he was disabled at the time he signed the final receipt as required by *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Company)*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984).

In *Sheibley* we held that in order to set aside a final receipt under Section 434 of the Act, 77 P.S. §1001, it is the claimant's burden to prove by "sufficient credible competent evidence" that all disability attributable to the injury had not, in fact, ceased when the final receipt was executed. We also held in *Sheibley*, as the employer points out, that medical evidence must be produced to meet the claimant's burden.

However, more recently in *Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 372, 492 A.2d 773, 775 (1985), we held that a claimant's own testimony can support a finding that the claimant was still disabled at the time he signed the final receipt and that "[u]nequivocal medical testimony is required to establish continuing disability only in those cases where the claimant has resumed work with no loss of

earning power and no obvious residual disability. Where it is obvious that the disability is the result of the original injury, however, medical testimony is not required.''

The claimant's testimony sufficiently establishes that he was disabled as the result of the original injury when he signed the final receipt. He was hurt using a jackhammer on February 13, 1981; he returned to light duty on November 19, 1981; he had an episode of pain on November 23, 1981 (the date he signed the receipt in the dispensary) ; he was operated on in August 1982; and he has been disabled since.

On this record the referee, whose decision was affirmed by the Board, correctly concluded that the claimant had carried his burden of proving that his disability had not ceased on November 23, 1981, when he signed the final receipt.

Order affirmed.

### ORDER

AND Now, this 3rd day of March, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.