539 A.2d 34

Geri Kaminski, Petitioner *v.* Workmen's Compensation Appeal Board (The Dobbs House, Inc.), Respondents.

Submitted on briefs December 15, 1987, to President Judge CRUMLISH, JR., and Judges BARRY and COLINS, sitting as a panel of three.

*Lucinda M. Kine,* for petitioner.

*Margaret E. Harvey, Thompson and Pennell,* for respondent.

OPINION BY JUDGE COLINS, March 18, 1988:

Geri Kaminski (claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing claimant's Petition to Set Aside Final Receipt pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant injured her back on March 28, 1983 when she slipped and fell to the floor during the course of her employment at Dobbs House, Inc. (employer). Claimant missed work from April 9, 1983 until June 3, 1983. She received compensation for the weeks of work missed as a result of the injury. On or about June 10, 1983, claimant signed a final receipt terminating her employer's liability and continued to work until July 4, 1983. Thereafter, she filed a Claim Petition which was later amended to a Petition to Set Aside Final Receipt.

Several hearings were held at which the claimant and the employer presented testimony. The referee also considered the deposition testimony of several physicians who had examined the claimant subsequent to her signing of the final receipt. He found the testimony of one Dr. Shatouhy to be most credible and worthy of belief. He found that the claimant was completely recovered and that she was able to do work without restriction. He concluded that there was not adequate proof to show that any disability that the claimant alleged after she signed the final receipt was connected to the work-related injury. Consequently, the referee dismissed the Claim Petition and the Board affirmed this dismissal in its Opinion of March 12, 1987.

The claimant filed a Petition for Review with this Court on April 10, 1987. In response, the employer filed a Motion to Quash the appeal, wherein it contend-

---

[1] Act of June 2, 1915, P.L. 763, *as amended*, 77 P.S. §1001.

ed that the referee's decision and the subsequent affirmance by the Board were based upon competent evidence and were in compliance with the law. It further contended that the averments contained in the Petition for Review and the reports attached thereto were hearsay in nature and, therefore, outside the scope of reviewable material before this Court. The claimant filed an Answer to the Motion to Quash. This Court by Order dated May 11, 1987, ordered that the motion be listed for argument at the same time as argument on the merits and that the parties, either in their briefs on the merits or in separate briefs, were to separately address the issues raised by the Motion to Quash.

Preliminarily, we dispose of the Motion to Quash. The employer based the motion upon the fact that the claimant attached to her Petition for Review documents which were not of record before the referee or the Board. However, we note that these documents were not attached to the petition for the purpose of introducing them into the record to be considered by this Court. Instead, they were attached in connection with a request issued by the claimant for a remand for the introduction of after-discovered evidence.[2] The grounds alleged in the motion do not require that we quash the Petition for Review, but only that we strike the documents attached thereto.

There is no question that where an appellate court is petitioned to review an administrative agency decision, it is precluded from considering matters not made part of the record before the administrative agency. *See Miller v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 392, 513 A.2d 569 (1986). Furthermore, we must note that the appendage of evidentiary documen-

---

[2] The issue of whether a remand is proper is addressed at a later stage of our analysis.

tation to a petition for review is procedurally improper. However, dismissals, based upon pure technicalities, are disfavored both at the trial and the appellate level. *See Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984); Pa. R.A.P. 105(a). Therefore, we deny the employer's Motion to Quash, strike the documents attached to the Petition for Review and proceed to address the merits of this matter.

The first issue presented by the claimant is whether she established, with a requisite degree of medical certainty, her continuing disability at the time of the signing of the final receipt. Initially, we note that the claimant has the burden of demonstrating by sufficient, credible and competent evidence that all disability resulting from the injury had not terminated when she signed the final receipt. *See Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984). Furthermore, where it is not obvious that the disability is the result of the original injury, medical evidence must be supplied to meet the claimant's burden of proof under this sufficient competent evidence standard. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Turjak)*, 95 Pa. Commonwealth Ct. 330, 505 A.2d 632 (1986); *Dunmore v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 492 A.2d 773 (1985). The claimant presented testimony in the form of the depositions of two medical witnesses.

Our scope of review is limited to a determination of whether the referee's findings are supported by substantial evidence or whether there has been error of law or violation of constitutional rights. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

The referee made the following pertinent findings of fact:

6. The Claimant was examined on October 13, 1983 by Dr. Joseph Shatouhy, a board certified specialist in Orthopedic Surgery and Physical Medicine and Rehabilitation. It was Dr. Shatouhy's opinion that at the time he saw her she had completely recovered from any injury she may have had and that she was able to return to work without any restrictions at all.

7. Dr. Thomas Baker, an Osteopathic General Practitioner who does not specialize in either Orthopedic or Neurology, testified that he did not see her before July 16, 1983, and therefore he did not know her condition at the time she signed the Final Receipt or for more than a month thereafter. The doctor did testify that she can lift 20 pounds occasionally and 10 pounds frequently and she can do a job that involves sitting or standing if she can change her position. He also testified that she can do light duty jobs including the job of wrapping silverware at Dobbs House. Dr. Baker also testified that it would take six to eight months from the time of his testimony in April of 1984 for her to recover, and therefore the latest date that she would recover would be in December of 1984.

8. Dr. William Cohen, another Osteopathic and General Practitioner who does not specialize in orthopedics also testified. He had not seen her since July 5, 1983, and he did not know her condition after that date and could not testify as to whether or not she was still disabled. Dr. Cohen also could not give an unequivocal opinion as to whether the complaints of pain that the Claimant had on July 5, 1983 were related to her

injury at work on March 28, 1983. He merely used the words 'it leads me to believe that her difficulties arose out of the initial injury to her low back at work' and 'it is my opinion that the patient that you are referring to still could have recurring and continuing problems from the initial event', and these are not opinions with sufficient certainty to prove a relationship to the original injury.

9. The Referee believes the testimony of Dr. Joseph Shatouhy to be the most credible and worthy of belief and finds that the Claimant is completely recovered and is able to work without restrictions and he also finds that there is not adequate proof to show that any disability that the Claimant alleges after she signed the Final Receipt is related to the work-related injury.

Furthermore, in his Conclusions of Law the referee stated:

2. The Claimant has failed to prove with *competent medical evidence* that [s]he has any disability related to this injury at work that extends beyond the time that she signed the Final Receipt. (Emphasis ours.)

The referee obviously found the testimony of Dr. Shatouhy to be the most credible and worthy of belief. The determination of the credibility of witnesses is within the province of the referee and he may accept the testimony of one medical witness in preference to another. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed and Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987). In Finding of Fact No. 9, the referee clearly accepted the testimony of Dr. Shatouhy over that of the claimant's medical witnesses. Accordingly, he concluded that the claimant did not meet her burden of proving by substantial compe-

tent evidence that her injury had not terminated when she signed the final receipt.

The claimant alleges that the referee erred in concluding that Dr. Cohen did not state his medical opinion with a sufficient degree of certainty. The question of whether a medical opinion is stated with a reasonable degree of certainty is a question of law and is, therefore, reviewable by this Court. *Lewis v. Workmen's Compensation Appeal Board*, 508 Pa. 360, 498 A.2d 800 (1985). The testimony of the medical witness must be reviewed and considered as a whole. *Id*. Our thorough review of the testimony presented by Dr. Cohen, taken as a whole, indicates that his testimony was equivocal.[3] Therefore, the referee did not err in concluding that the claimant had not carried her burden of proof.

The claimant also contends that the Board applied an incorrect burden of proof in affirming the decision of the referee. We note that the incorrect standard of proof was cited in the Opinion of the Board.[4] Although the Board applied the wrong burden of proof, that applied by the referee was correct. He analyzed the evidence before him under the substantial competent evidence standard. The referee's conclusion that the claimant had not met her burden of proof was properly affirmed by the Board. Therefore, having found no error in the decision of the referee or the Board, we decline to address the final issue raised by the claimant.[5]

---

[3] Deposition of William L. Cohen, D.O., 5/30/84, pp. 14-16.

[4] The Board noted:

When attempting to set aside a Final Receipt, the Claimant has the burden of conclusively proving *by clear and convincing evidence* that all disability attributable to the prior injury had not, in fact, terminated when the Final Receipt was executed. (Citations omitted; emphasis ours.)

[5] Claimant's final contention is in the form of a request for a remand for the introduction of after-discovered evidence. We note that the proper vehicle for requesting the introduction of after-

Accordingly, we affirm the decision of the Board dismissing claimant's Petition to Set Aside Final Receipt.

### ORDER

AND NOW, this 18th day of March, 1988, Respondent's Motion to Quash the Petition for Review in the above-captioned matter is hereby denied. The Order of the Workmen's Compensation Appeal Board in this matter is hereby affirmed.

---

discovered evidence is by application for a re-hearing by the Board. Such application may be made pursuant to Section 426 of the Act, 77 P.S. §871, within the allotted time period.

---

### DISSENTING OPINION BY JUDGE BARRY:

I must respectfully dissent as to that portion of the opinion affirming the order of the Board. It is my belief that the testimony of employer's medical expert, Dr. Shatouhy, does not constitute substantial evidence to support the referee's finding that claimant's work-related disability had ceased as of the date that she executed the final receipt. This doctor testified that claimant had completely recovered from any injury she may have had *as of the date he examined her,* which was a little more than four months after the date claimant signed the final receipt. This testimony does not rule out the possibility that claimant was disabled at the time she signed the final receipt and then recovered from the disability by the time she was examined by the employer's medical expert.

Therefore, I believe that this matter should be remanded to the Board so that it may remand to the referee for the purpose of determining whether claimant's own testimony, either *by itself* or in conjunction with that of her medical expert[s], establishes that all disability attributable to the work-related injury of March 28,

1983 had not terminated when she signed the final receipt. Competent medical testimony is required to establish continuing disability only where the claimant has resumed work with no loss of earning power and no obvious residual disability. *Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 492 A.2d 773 (1985). Furthermore, it should be noted that, if it is determined that claimant has satisfied the burden of proof necessary to set aside the final receipt, the referee would not be able to terminate benefits, even if he accepts the testimony of the employer's medical expert, since the employer did not file a petition to terminate benefits. *See Keystone Bakery, Inc. v. Workmen's Compensation Appeal Board (Lack)*, 88 Pa. Commonwealth Ct. 111, 488 A.2d 668 (1985).