539 A.2d 917

Max Shinkovec, Petitioner *v.* Workmen's Compensation Appeal Board (Capital Distributing Company), Respondents.

Argued October 5, 1987, before Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*Frank A. Conte,* for petitioner.

*Ronald Ganassi, Will, Keisling, Ganassi & McCloskey,* for respondent.

OPINION BY JUDGE BARRY, March 30, 1988:

Max Shinkovec (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's determination to set aside a final receipt of benefits under Section 434 of The Pennsylvania Workmen's Compensation Act (Act).[1]

On February 24, 1981, the claimant was involved in a vehicular accident while driving a truck for Capital Distributing Company. The claimant suffered injuries to his head, back, neck, shoulder, arm and left hand. In March 1981, the claimant began to receive benefits,

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

pursuant to a notice of compensation payable. He continued to receive these benefits until March 5, 1982. On this date, the claimant signed a final receipt of compensation. The claimant did not return to work.

The claimant filed a petition to set aside final receipt under Section 434 of the Act alleging that his work related injuries had not healed at the time the final receipt was executed. On February 4, 1983, a referee granted this petition and set aside the final receipt of benefits. This determination was based on three factual findings which were:

1. The claimant, Max Shinkovec, filed a Petition to Set Aside Final Receipt against the defendant, Capital Distributing Company, averring therein that claimant was released to return to work but because of the original injury, he was unable to continue to work. Claimant's date of the original work related injury was February 24, 1981.

2. The defendant and its insurance carrier, Pacific Employers Group, filed a responsive answer to the subject petition.

3. Claimant was not fully recovered from his work related injuries of February 24, 1981, whenever he signed a Final Receipt.

(Referee's decision, February 9, 1983).

The employer appealed this decision to the Board. The Board vacated the referee's decision, opining that the claimant had not met his burden of establishing by clear and convincing evidence that his work related injuries still existed at the time the final receipt was signed. The Board concluded that the claimant had returned to work and that it was necessary for the claimant to produce medical evidence to set aside the final receipt. The claimant did not offer any medical testimony.

The claimant requested a rehearing on the basis that the Board was factually misinformed that he had returned to work and that, based on this misinformation, the Board erred as a matter of law by requiring medical evidence to set aside a final receipt of benefits. The claimant's request for a rehearing was granted by the Board. After oral argument, the Board opined that, even though the claimant did not return to work, he still had not met his burden of proving that the work related injury continued. The Board reiterated that the claimant needed competent medical testimony to establish that his injury still existed after the final receipt was executed. This appeal followed.

The claimant argues that the Board erred as a matter of law and capriciously disregarded competent evidence[2] that his injury still existed and that he was suffering from the effects of the work related injury when the petition to set aside benefits was executed.

Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed or necessary findings of facts are not supported by competent evidence. *Purolator Security, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 486, 434 A.2d 235 (1981).

Section 434 of the Act states that:

A final receipt, given by an employee or a dependent entitled to compensation under a compensation agreement notice or award shall be prima facia evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, how-

---

[2] We note that our scope of review is no longer capricious disregard of competent evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). We will review this case upon the appropriate standard of review.

ever, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

77 P.S. §1001.

To set aside a final receipt pursuant to Section 434 of the Act a claimant has the burden of establishing by sufficient credible evidence that all disability attributable to the prior injury had not been terminated at the time the final receipt was executed. *Dunmore School District v. Workmen's Compensation Appeal Board,* 89 Pa. Commonwealth Ct. 368, 492 A.2d 773 (1985). Where the claimant has returned to work with no apparent loss of earning power and no obvious residual disability, the petition to set aside a final receipt will only be granted if the claimant can establish this burden by sufficient credible medical evidence. *Id.* Where the claimant has not returned to work after executing the final receipt or it is obvious that the disability is the result of the original injury, medical evidence is not required. *Id.*

In the current matter, the parties agree that the claimant did not return to work after executing the final receipt. Therefore, we believe that the proper inquiry is whether there is sufficient evidence in the record to support the referee's factual determination that the claimant was suffering from the effects of the work related injury at the time the final receipt was executed and that the residual effects of the original injury were obvious. The claimant testified that he signed the final receipt because his doctor informed him that further medical treatment would not be effective. The claimant also testified that he could not, because he was still suffering from the effects of the original injury, return to

work. He also testified that he notified his employer of inability, because of the injury, to return to work.

In *Dunmore*, a claimant's testimony that he was still suffering from the effects of the original work related injury was held to be sufficient evidence to set aside a final receipt. In *Dunmore*, the injury was considered to be obvious, as the incision to repair a work related hernia had not healed. Here, the claimant testified that he was still experiencing pain and stiffness from the original work related injury. He also stated that he could not lift any heavy object because of the work related injury. The referee's third factual finding indicates that he believed that the claimant was still suffering from the effects of the original injury. The claimant's testimony that he still is experiencing the effects of the original injury, if believed, is sufficient evidence for a referee to award benefits. *Dunmore*. Unequivocal medical evidence is only required when the claimant has returned to work without loss of earning power and with no obvious residual disabilities. In *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Turjak)*, 95 Pa. Commonwealth Ct. 330, 505 A.2d 632 (1986), we held that the claimant's own testimony that disability as a result of a back injury had not ceased when he signed a final receipt was sufficient to support an award of benefits. The fair import of *Bethlehem Steel* is that a claimant's own testimony that he still is suffering from the effects of the original disabling injury suffices to prove an *obvious* residual disability.

ORDER

NOW, March 30, 1988, the decision of the Workmen's Compensation Appeal Board, dated October 17, 1986, at No. A-85577, is reversed.