**Clarence PALMER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HELEN MINING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 26, 1997.

Decided April 13, 1998.

A. Tereasa Rerko, Greensburg, for petitioner.

Thomas B. Bacon, Pittsburgh, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Clarence Palmer (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ) to dismiss Claimant's Petition to Set Aside Final Receipt and his Reinstatement Petition. We affirm.

On May 26, 1989, while employed as a track layer with Helen Mining Company (Employer), Claimant sustained a work-related injury to his lower back. Employer paid Claimant workers' compensation benefits for this injury pursuant to a Notice of Compensation Payable. On October 29, 1990, Employer filed a Termination Petition,[1] which was assigned to Referee Anna Marie Mullen.[2] On March 11, 1991, prior to Referee Mullen's decision on Employer's Termination Petition, Claimant returned to work with no loss of earning power, and, on March 22, 1991, Claimant signed a Final Receipt.

On December 23, 1991, Referee Mullen issued a decision dismissing Employer's Termination Petition. In her decision, Referee Mullen made no reference to the Final Receipt, nor did she mention that Claimant had returned to work for Employer.

Claimant continued to work for Employer in various positions with no loss of earnings until April 12, 1993, when he was laid off due to the mine's shut down.[3]

On November 5, 1993, Claimant filed a Petition to Set Aside Final Receipt and a Reinstatement Petition. In his Petition to Set Aside Final Receipt, Claimant alleged that Employer fraudulently obtained Claimant's signature on the Final Receipt while Employer was aware that Claimant was continuing to suffer from residual problems related to his work injury. In his Reinstatement Petition, Claimant sought reinstatement of his benefits as of April 12, 1993, on the basis that Referee Mullen's decision dismissing Employer's Termination Petition placed Claimant on an "open agreement," and when Claimant was laid off, his

---

1. In its Termination Petition, Employer stated that an independent medical examination, performed by Leland S. Blough, M.D., indicated that Claimant could return to work.

2. Under the 1993 amendments to the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, effective August 31, 1993, referees are now called workers' compensation judges.

3. Claimant testified that he held several positions with Employer after returning to work on March 11, 1991. First, he returned to his pre-injury job as a track layer, but, after only two weeks, he bid on a temporary, higher paying "pumper" job when the person in this job was injured. Claimant then returned to the job as a track layer, but testified that he could not perform the job due to pain. Based on seniority, Claimant was awarded a tipple job that paid more than his pre-injury job. After layoffs in January of 1993, Claimant was placed inside because he had an electrical card to do "permissibility" for the state and federal governments. This position also paid more than Claimant's pre-injury job. After about four weeks at this job, Claimant returned to the tipple job, where he worked until April 12, 1993, when the mine shut down. (WCJ's Findings of Fact, Nos. 6–7; R.R. at 18; N.T. 5/26/94 at 10–14.)

loss of wages recurred. Claimant's petitions were assigned to WCJ Frederick Coffroth.

At the hearings before WCJ Coffroth, Claimant testified that, when he signed the Final Receipt, his union committeeman and Employer's secretary were present, and they told him that the form was just an agreement to acknowledge that Claimant received all of his compensation; Claimant also testified that he did not read the form. (WCJ's Findings of Fact, No. 5.) Claimant also submitted medical evidence, including the deposition testimony of Bernard Scherer, M.D. Dr. Scherer testified that he first saw Claimant on August 6, 1991 for elbow pain and numbness of the fingers in his right hand. (WCJ's Findings of Fact, No. 11.) Dr. Scherer testified that, at a June 8, 1993 examination, Claimant complained of low back pain and gave a history of his work injury. (WCJ's Findings of Fact, No. 11.)

At the hearings, Employer submitted the deposition testimony of Donald McGraw, M.D., who examined Claimant on March 3, 1995. Dr. McGraw testified that Claimant had a normal examination and that there was no clinical evidence of any work-related problems. (WCJ's Findings of Fact, No. 17.)

The WCJ credited Dr. McGraw's testimony and found that Claimant's difficulties were not work-related. (WCJ's Findings of Fact, No. 18.) The WCJ also found Claimant to be a "credible witness with some tendency to exaggerate but the question was mainly medical." (WCJ's Findings of Fact, Nos. 18–19.) With regard to Claimant's Petition to Set Aside Final Receipt, the WCJ concluded that Claimant produced no evidence to support his claim that Employer acted fraudulently in obtaining Claimant's signature on the Final Receipt. Additionally, the WCJ concluded that Claimant failed to prove by unequivocal

medical evidence or substantial evidence that he was suffering from a residual disability at the time he signed the Final Receipt. Accordingly, the WCJ dismissed both of Claimant's petitions. The WCAB affirmed the WCJ's decision, and Claimant now appeals to this court.[4]

Claimant first argues that Referee Mullen's decision alone provides substantial evidence to set aside the Final Receipt. Claimant reasons that, because Referee Mullen's December 23, 1991 decision dismissing Employer's Termination Petition was issued subsequent to the Final Receipt executed on March 22, 1991, that decision supersedes the Final Receipt, thereby setting aside the Final Receipt and placing Claimant on an "open agreement" for compensation. We disagree.

■ To set aside a final receipt, a claimant has the burden of proving that, at the time the final receipt was signed, not all disability attributable to the work-related injury had terminated. *Shinkovec v. Workmen's Compensation Appeal Bd. (Capital Dist.)*, 115 Pa.Cmwlth. 81, 539 A.2d 917 (1988). In cases where, as here, the claimant has returned to work with no apparent loss of earning power and no obvious residual disability, the claimant can satisfy this burden only through medical evidence. *Id.* Because Claimant failed to offer unequivocal medical testimony on this issue, he cannot prevail.

■ Moreover, assuming arguendo, as Claimant asserts, that Claimant was not required to produce medical evidence to sustain his burden,[5] we conclude that Referee Mullen's decision did not constitute substantial evidence to set aside the Final Receipt. Referee Mullen's decision did not even acknowledge that Claimant had signed a Final Re-

---

4. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Greenwich Collieries v. Workmen's Compensation Appeal Bd. (Buck)*, 664 A.2d 703 (Pa.Cmwlth. 1995).

5. Claimant argues that medical evidence was not required to sustain his burden of proof to set aside the Final Receipt, stating that his residual

disability was obvious because he returned to light duty work. We disagree. Claimant was working at his pre-injury job, with no loss of earnings, when he signed the Final Receipt. In addition, Claimant offered no medical evidence which indicated that, as of the date Claimant returned to work, he had restrictions. Therefore, there was no obvious residual disability, and Claimant was required to produce unequivocal medical evidence to sustain his burden. *Shinkovec.*

ceipt. In fact, because the Final Receipt was not an exhibit before Referee Mullen, she may not have been aware that it existed or that Claimant returned to work. Consequently, this decision cannot constitute substantial evidence to set aside the Final Receipt.

Claimant next argues that the WCAB erred in affirming WCJ Coffroth's decision because WCJ Coffroth did not render a reasoned decision on the Reinstatement Petition.

■ A reasoned decision contains findings of fact and conclusions of law, based upon all of the evidence, which clearly and concisely explain the rationale for the WCJ's determination. *Greenwich Collieries v. Workmen's Compensation Appeal Bd. (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995) (citing Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834). The WCJ must specify the evidence upon which he or she relied in making the decision. *Id.* However, the WCJ is not required to make redundant explanations. *Sherrod v. Workmen's Compensation Appeal Bd. (Thoroughgood, Inc.)*, 666 A.2d 383 (Pa.Cmwlth. 1995).

■ To succeed on a reinstatement petition following a termination of benefits, the claimant must prove that his or her work-related disability has increased or recurred and that his or her physical condition has actually changed in some manner.[6] *Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301 (1990); *see Brandon v. Workmen's Compensation Appeal Bd. (Retreat State Hosp.)*, 122 Pa.Cmwlth. 575, 552 A.2d 756 (1989); *Cambria Co. Comm'rs v. Workmen's Compensation Appeal Bd.*, 57 Pa.Cmwlth. 409, 426 A.2d 249 (1981). The claimant must prove that a causal connection exists between his or her current condition and the work-related injury, *Pieper*, and where, as here, the causal relationship is not obvious, that relationship must be established by unequivocal medical evidence.[7] *Brandon.*

■ Unfortunately, Claimant never argued or attempted to prove by medical evidence that his work-related disability recurred or increased.[8] Rather, it is obvious from the record and Claimant's brief that he is arguing as though his benefits were merely *suspended*,[9] based on the erroneous premise that Referee Mullen's decision nullified the Final Receipt. However, as discussed previously, Referee Mullen's decision had no effect on the Final Receipt terminating Employer's liability. Because Claimant offered

6. Claimant erroneously relies on *Latta v. Workmen's Compensation Appeal Bd. (Latrobe Die Casting Co.)*, 537 Pa. 223, 642 A.2d 1083 (1994), to argue that, to have his benefits reinstated, he must show that his earning power is once again adversely affected by the disability and that his work-related disability continues, but that he is not required to produce medical evidence on this issue. Claimant would be correct if his benefits had been *suspended*. However, here, Claimant's benefits were *terminated*. In a suspension case, the employer acknowledges the claimant's continuing injury, *Pieper;* because that same acknowledgement does not exist in termination cases, Claimant does not have the reduced burden set forth in *Latta*.

7. Here, the causal relationship between Claimant's loss of earnings after his layoff and Claimant's work-related disability was not obvious. The loss of earnings after the layoff occurred more than two years after Claimant had returned to his pre-injury job and signed the Final Receipt. Further, Dr. Scherer, who treated Claimant following Claimant's return to work, testified that Claimant did not report any back problems to him during that time, but first complained of back pain in June of 1993. Thus, because the

causal connection was not obvious, Claimant was required to produce medical evidence to establish causation.

8. Claimant argues that Employer did not offer any medical evidence regarding Claimant's condition on the date of his layoff, April 12, 1993. However, we again point out that under the circumstances here, Claimant has the burden of proof and failed to meet it. Because Claimant never argued that his disability recurred, either before the WCJ or on appeal to the WCAB, this argument is waived. *General Elec. Co. v. Workmen's Compensation Appeal Bd. (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921, *appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).

9. Claimant states that his benefits should be reinstated on the grounds that "Referee Anna Marie Mullen had issued a Decision & Order dismissing the Employer's Petition to Terminate. Claimant was laid off on 4/12/93. Benefits should have been reinstated to Claimant as of 4/12/93," (R.R. at 11; *see* N.T. 12/20/93), and that "his disability had never ceased." (Claimant's Brief at 11.) Thus, Claimant's argument and analysis erroneously presupposes that he suffered from a continuing disability.

no competent medical evidence to establish a recurrence or increase of his work-related disability, he cannot prevail.

Here, Claimant based both his Petition to Set Aside Final Receipt and his Reinstatement Petition on a claim that he had suffered a continuing disability. In WCJ Coffroth's decision on Claimant's Petition to Set Aside Final Receipt, the WCJ concluded that Claimant failed to prove a continuing disability and explained the rationale for that determination, including its application to Claimant's argument under the Reinstatement Petition.[10] The WCJ is not required to make a redundant explanation, and, here, effective judicial review is possible.[11]

Because Claimant failed to meet his burden of proof under either his Petition to Set Aside Final Receipt or his Reinstatement Petition, Claimant is not entitled to benefits. Accordingly, we affirm the order of the WCAB.

### ORDER

AND NOW, this 13th day of April, 1998, the decision of the Workers' Compensation Appeal Board, dated June 24, 1997, at No. A95–4673, is hereby affirmed.

---

10. Claimant's Reinstatement Petition was premised on the effect of Referee Mullen's decision on the Final Receipt. Here, the WCJ found that Referee Mullen's decision did not take note of the fact that Claimant had returned to work and signed a Final Receipt. Further, the WCJ summarized each witnesses' testimony, and with regard to the medical evidence, the WCJ summarized Claimant's diagnostic tests as well as each medical expert's testimony, making credibility determinations. Based on his findings, the WCJ concluded that Claimant did not prove that he suffered a continuing disability and so failed to

sustain his burden of proof; accordingly, he stated "the petitions must fail" and ordered "the S.A.F.R. *and Reinstatement Petitions* ... dismissed." (WCJ's Conclusions of Law and Order) (emphasis added.)

11. Although the WCJ never decided whether Claimant had proved a recurrence, this is not fatal to the WCJ's decision because, as discussed, Claimant never presented this argument to the WCJ.