Bentworth School District, Petitioner *v.* Workmen's Compensation Appeal Board (Dorothy Morris), Respondents.

Submitted on briefs February 2, 1983, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

 

*Eugene F. Scanlon, Dickie, McCamey & Chilcote,* for petitioner.

*M. E. Kusturiss,* with him *Donald C. Feniello,* for respondent, Dorothy Morris.

OPINION BY JUDGE BLATT, May 13, 1983:

The Bentworth School District (District) appeals an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to award benefits to Dorothy Morris (claimant). The referee had found that the claimant was presently disabled as a result of a recurring work-related injury.

On February 10, 1976, the claimant, while employed as a cafeteria worker for the District, suffered an injury to her neck, back, and right shoulder when a box of cans fell on her. She collected benefits for this injury until April 4, 1978, at which time her compensation was terminated following the District's successful request for termination, it appearing that she had returned to work.[1] She continued to work until the end of that school year, and she returned for the new school year in the fall, working until October 10, 1978. She then informed the District that she was no longer able to perform her services due to a recurrence of her injury of February 10, 1976. On January 11, 1980, she filed a petition to reinstate compensation benefits and, after a hearing thereon, the referee granted her peti-

---

[1] The record is unclear as to how the claimant received benefits up until April 4, 1978, when she returned to work in March of 1978. The petitioner, we note, does not challenge the claimant's reception of benefits during this period.

tion, relying on medical reports submitted and testimony given by her physician. She has since been retrained as a licensed practical nurse and is presently employed in that profession.

An injured employee seeking reinstatement of his benefits has the burden of proving the causal connection between his current condition and his prior work-related injury. *Harry Halloran Construction Co. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 272, 395 A.2d 325 (1978). And where, as here, the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our scope of review is whether or not an error of law was committed or any necessary finding of fact was unsupported by substantial evidence in the record, leaving questions of evidentiary weight and credibility to the referee. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

The District argues that the claimant did not satisfy her burden of establishing that she was presently disabled from performing her regular job as a result of a recurring work-related injury. We agree.

Our careful examination of the record discloses that the claimant's physician failed to testify that the claimant's current condition resulted from her original work-related injury. Rather, he concluded that "it would be her subjective complaints of pain without objective findings that limit the patient's ability to perform." Nor did he state that she would be physically unable to perform her duties as a cafeteria worker. And, concerning the medical reports or summaries prepared by this physician, our review of these documents indicates that they fail to establish the causal connection between her current condition and her original injury and make no mention whatever that she would be

physically unable to perform her duties for the Dis-[2] trict.[2]

Absent proof of the causal connection between the claimant's current condition and the original injury which a reasonable mind could accept as adequate,[3] there can be no legal conclusion that she discharged her burden of establishing her eligibility for benefits.

We will, therefore, reverse the Board's order granting benefits.

### ORDER

AND Now, this 13th day of May, 1983, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

---

[2] One of these reports, dated August 1, 1979, stated that "it will be her subjective complaints of pain without objective findings [sic] limits the patient's ability to perform." This report recommended psychological evaluation to look for conversion and hysteria.

[3] *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 530, 377 A.2d 833 (1977) (substantial evidence defined).