510 A.2d 404

Nancy J. Plitt, Petitioner *v.* Workmen's Compensation Appeal Board (Hanover Klondike and Home Insurance Company), Respondents.

Submitted on briefs May 13, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Diane G. Radcliff, Wiley & Benn,* for petitioner.

*Cal A. Leventhal,* for respondents.

OPINION BY SENIOR JUDGE ROGERS: June 10, 1986:

Nancy J. Plitt (claimant) has filed a petition for review of the order of the Workmen's Compensation Appeal Board (Board) denying her a rehearing and affirming a referee's decision refusing her application for reinstatement of benefits. We reverse and remand.

The claimant was employed by Hanover Klondike (employer) for approximately one year when she sustained a compensable injury to her back on June 23, 1981. Pursuant to a notice of compensation payable, the

claimant received benefits through September 7, 1981 when she was released to work half days by her treating physician, Dr. Scott Harrison. She worked three half days when she was laid off by her employer for lack of work. On October 10, 1981, the claimant signed a final receipt.

On April 28, 1983, the claimant gave birth to a child. She filed a petition for reinstatement of compensation on October 18, 1983, under Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772, alleging that following the delivery of her child the symptoms of her back injury worsened rendering her unable to work.

At a hearing before a referee conducted on January 17, 1984, the claimant testified that after she was injured she was treated by Dr. Scott Harrison at a hospital; that a week or two after she was released from the hospital she was in pain again, but Dr. Harrison told her to try to go back to work half days and to contact him if she had any difficulty. Consequently she returned to her job for the three days earlier mentioned. She also testified that from September 1981 through June 1983 she received treatments from chiropractors and in 1983 sought the help of a physical therapist, all on account of pain. After the birth of her child, she began consulting Dr. Douglas Kent Sanderson, a board certified orthopedic surgeon. The claimant also described her present physical condition as one of disability on account of back pain.

The referee received the deposition of Dr. Sanderson, claimant's treating physician, and of Dr. Perry A. Eagle, the medical expert. Dr. Sanderson testified that there was a causal connection between the claimant's present disability and her original injury and that carrying a child and subsequently giving birth to it in and of

itself could not have caused her present symptomatic condition. He also testified that the claimant was unable to accept employment because she was physically unable to perform even a sedentary job. Dr. Sanderson also testified as to his treatment of the claimant, as well as the physical restrictions and recommendations he made to reduce the physical strain on the claimant's back, legs and neck.

Dr. Eagle, a board certified orthopedic surgeon, testified that he examined the claimant on February 11, 1982 and November 30, 1982 and that the claimant had recovered from her work-related unjury. On cross-examination Dr. Eagle testified that he had last seen the claimant in November 1982.

The referee treated the matter as a petition to set aside a final receipt concluding that "[t]he Claimant has not sustained her burden of proof of showing that she had not recovered from her accident as of the time that Claimant signed the Final Receipt."

The Board affirmed the referee's decision and later denied the claimant's petition for rehearing.

On appeal the claimant contends that the referee erred in treating her petition for reinstatement as a petition to set aside a final receipt.

The petition to set aside a final receipt is provided for under Section 434 of the Act, 77 P.S. §1001; the petitioner applied for reinstatement which is provided for under Section 413 of the Act, 77 P.S. §772. The difference between these two sections is critical. To set aside a final receipt, the claimant must prove that her condition or disability had not ceased at the time she executed the final receipt. To have reinstatement, the claimant must prove that her disability had recurred. "Where a timely petition is filed for a recurrence of a disability, the fact that a final receipt has been filed is of no significance, and it is not necessary to set it aside." *Rizzo v.*

*Baldwin-Lima-Hamilton Corp.,* 216 Pa. Superior Ct. 96, 100, 259 A.2d 178, 180 (1969) quoting *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 46, 132 A.2d 880, 883 (1957). To the same effect is *Cambria County Commissioners v. Workmen's Compensation Appeal Board et al.,* 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981).

The claimant filed a petition for reinstatement. We find no support in the record for the employer's unlikely assertion that the petitioner had amended her petition to one to set aside the receipt nor did the referee at the hearing mention the subject of amendment.

The referee seemingly overlooked the nature of the cause before him. For instance he expressed concern that the claimant did not have Dr. Harrison, her treating physician at the time she signed the final receipt, testify and that he relied on Dr. Eagle's testimony which referred to a time earlier than that alleged by the claimant to be the date of her recurrence. Dr. Eagle's testimony describing the claimant's condition in 1982 is obviously irrelevant to the issue of whether the claimant suffered a recurrence of her work-related injury on April 20, 1983, as she alleged.

We do not agree with the Board that the referee considered the claimant's petition as both a petition for reinstatement and a petition to set aside final receipt based on the referee's stated conclusion that "[t]he claimant has not sustained her burden of proof of showing that she had not recovered from her accident as of the time that claimant signed the Final Receipt." He made no conclusion with respect to whether the claimant suffered a recurrence of her work-related injury.

While it is true that if the evidence justifies relief under a section of the Act other than that invoked by the claimant, relief may nevertheless be granted *(Dunmore School District v. Workmen's Compensation*

*Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 492 A.2d 773 (1985)); that principle has no application here. This case is the converse; the referee has denied relief by application of a section of the Act different from the one claimant had invoked.

We reverse the Board's order and remand the record for a decision based upon Section 413 of the Act. Jurisdiction is relinquished.

## ORDER

AND NOW, this 10th day of June, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed; the record is remanded to the Board for findings and conclusions consistent with this opinion. Jurisdiction is relinquished.