518 A.2d 1308

Glenn Thomas Mellor, Petitioner *v.* Workmen's Compensation Appeal Board (Wilson Tires, Inc.), Respondents.

Submitted on briefs October 7, 1986, to Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Robert V. Campedel, Zemprelli, Clipper and Campedel,* for petitioner.

*J. Lawson Johnson,* for respondent, Wilson Tires, Inc.

Opinion by Judge MacPhail, December 18, 1986:

Glenn Thomas Mellor (Claimant) appeals from an order of the Workmen's Compensation Appeal Board

(Board) which affirmed a referee's decision denying Claimant's Petition to Set Aside Final Receipt. We affirm.

Claimant injured his back on February 22, 1980 while doing his job of changing industrial tires on payloaders and trailer trucks. Claimant was paid compensation for total disability pursuant to an agreement of compensation payable from the date of his injury until April 13, 1980. On May 15, 1980, Claimant executed a Final Receipt.

Claimant returned to work on April 14, 1980. He testified[1] that he continued to suffer back pain, that he was treated frequently by a chiropractor, Dr. Robert L. Miller, and that he continued working until about March 17, 1982, when he left work because of his back pain. He entered the hospital on March 29, 1982 and was discharged on April 2, 1982, the hospital records showing that his diagnosis was severe low back pain. On June 7, 1982, Claimant filed his Petition to Set Aside Final Receipt, alleging that he was still under medical treatment.

In his quest to gain relief, Claimant visited Dr. Edward N. Hanley, Jr., an orthopedic surgeon, on August 13, 1982. Dr. Hanley put Claimant in a body cast for six weeks and assigned Claimant physical therapy. On November 28, 1982, Dr. Hanley released Claimant for return to work without restrictions. Claimant's former employer has gone out of business and Claimant has been unable to find another job. On March 23, 1983, Claimant visited Dr. Hanley once again, telling him that his back pain had been much improved but had returned the previous month while Claimant was washing his car.

---

[1] We note that the referee made a specific finding to the effect that he did not find Claimant's testimony to be credible.

After a series of hearings and depositions, the referee dismissed Claimant's Petition to Set Aside on September 27, 1983. The Board affirmed the referee's order on September 27, 1984. It is from this order that Claimant appeals.

Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed, or whether any finding of fact necessary to support the Board's decision is not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

In order to set aside a final receipt it is claimant's burden to prove by sufficient credible competent evidence that all disability attributable to any injury had not ceased when the final receipt was executed. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Turjak)*, 95 Pa. Commonwealth Ct. 330, 505 A.2d 632 (1986). Where, as in the instant case, a claimant has resumed work with no loss of earning power and no obvious residual disability, unequivocal medical testimony is required to establish a continuing disability for the purpose of setting aside a final receipt. *Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 492 A.2d 773 (1985).

Dr. Miller was the only expert who examined Claimant around the time Claimant signed the Final Receipt. Dr. Hanley and Dr. Minde, the doctor who examined Claimant for the employer's insurance carrier, did not see Claimant until about two years later. Dr. Miller, whose testimony the referee found to be less credible than that of employer's physician, never specifically testified that Claimant was totally disabled *as of the time the Final Receipt was executed*. He did testify that when Claimant did come in to see him "he was in

pain, he was hurting."[2] However, Dr. Miller also testified that after the treatments Claimant felt better.[3]

Claimant did not meet his burden of showing by unequivocal medical testimony that any disability existed at the time that the final receipt was signed. As such, the referee was correct in concluding that Claimant did not prove that all work related disability had not ceased when he executed the Final Receipt.

We note that the referee, in addition to finding that Claimant did not prove that any disability existed at the time the final receipt was signed, also made a finding that Claimant did not prove a recurrence of his injury. The petition to set aside a final receipt is provided for by Section 434 of The Pennsylvania Workmen's Compensation Act (Act),[4] 77 P.S. §1001. This was the petition filed by Claimant. Section 413 of the Act, 77 P.S. §772 provides for reinstatement petitions. To prevail on such a petition a claimant must prove that his disability has recurred. *Plitt v. Workmen's Compensation Appeal Board (Hanover Klondike)*, 98 Pa. Commonwealth Ct. 70, 510 A.2d 404 (1986). The referee, the Board, and the Claimant all seemed to have assumed that proving a recurrence was sufficient for Claimant to prevail, even though he had never filed a reinstatement petition.

If the evidence justifies relief under a section of the Act other than the one invoked by the Claimant, relief may nevertheless be granted. *Plitt*. We will assume for our purposes here that the referee considered Claimant's petition as both one to set aside a final receipt and one for reinstatement.

---

[2] Deposition of Robert L. Miller, D.C. from November 4, 1982 (Miller Deposition) at 13, Reproduced Record (R.R.) at 36.

[3] Miller Deposition at 17.

[4] Act of June 2, 1915, P.L. 736, *as amended*.

As for the referee's finding that Claimant did not prove a recurrence of his injury, we feel that this finding is supported by both the evidence and the law. While there was undisputed medical testimony presented that Claimant was unable to work for a period of time after he left his job on March 17, 1982, there was no evidence presented which linked this period of disability with Claimant's original on-the-job injury. A claimant must present such evidence in order to prevail on a reinstatement petition. *Bentworth School District v. Workmen's Compensation Appeal Board (Morris)*, 74 Pa. Commonwealth Ct. 315, 459 A.2d 906 (1983).

We conclude that the referee acted correctly in denying Claimant's Petition to Set Aside Final Receipt and in failing to provide Claimant relief in the form of a reinstatement of benefits.

ORDER

The order of the Board affirming the referee's denial of Glenn Thomas Mellor's Petition to Set Aside Final Receipt is affirmed.