542 A.2d 1062

William J. Ulbrich, Petitioner *v.* Workmen's Compensation Appeal Board (Higgins Erectors), Respondents.

Argued March 24, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul D. Shafer, Jr., Shafer, Swick, Bailey, Irwin & Stack,* for petitioner.

*Michael A. Fetzner,* with him, *Richard E. Bordonaro, Knox, Graham, McLaughlin, Gornall & Sennett, Inc.,* for respondent.

OPINION BY JUDGE PALLADINO, June 14, 1988:

William J. Ulbrich (Petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's grant of Petitioner's petition to set aside a final receipt. Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

Petitioner suffered a work-related injury on August 5, 1982 when he fell from a crane while in the course of his employment with Higgins Erectors (Employer). Petitioner became totally disabled on November 4, 1982, when it was discovered that Petitioner had broken bones in his right arm as a result of the August 5, 1982 injury. N.T. at 9. Petitioner was paid workmen's compensation pursuant to a notice of compensation payable. Petitioner returned to work on June 6, 1983, and signed a final receipt in July of 1983. Although Petitioner had signed a final receipt, Employer continued to pay for Petitioner's treatment with a chiropractor, Dr. Jack V. VanDervort. Subsequently, Employer stopped paying for Petitioner's chiropractic treatments. On April 22, 1985, because Employer had stopped paying his medical bills, Petitioner filed a petition to set aside the final receipt. Following the presentation of evidence and testimony the referee made the following pertinent findings of fact:

> FOUR: In support of his petition, the Claimant testified that the injuries he sustained were as a result of a fall of about five feet from a deck. Among the injuries he received were those to his back. He testified that if it were not for the services of his Chiropractor, he would not be able to continue working. Your Referee accepts his testimony as fact.

> FIVE: In further support of his petition, the Claimant presented the testimony of Jack Van-Dervort, D.C. He diagnosed the claimant's condition as sublaxation complex of the cervical, dorsal and lumbar vertebra. He testified that the Claimant's condition developed due to a chronic problem necessitating weekly treatment. He had treated the Claimant for a prior back condition but this condition did not prevent the

Claimant from working. He further testified that the treatment which he was giving the Claimant was necessary because of his August 5, 1982 fall. Your Referee accepts his testimony as fact.

. . .

SEVEN: Your Referee finds that the treatment which the claimant is undergoing is necessary and resulted from his injury of August 5, 1982.

Employer appealed to the Board. The Board[1] reversed the referee's grant of the petition to set aside the final receipt, concluding that Dr. VanDervort's testimony was not sufficient competent evidence to support the referee's finding that Petitioner had established that the chiropractic treatments were the result of the work related injury. Petitioner has petitioned this court for review.[2]

Petitioner asserts that the Board made credibility determinations couched in competency language, and, that, therefore, the Board's decision should be reversed.[3] We agree.

The evidence before the referee indicated that Petitioner received treatment from Dr. VanDervort on numerous occasions *prior* to the treatment he received

---

[1] The Board took no additional testimony or evidence.

[2] Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco, Jr.),* 109 Pa. Commonwealth Ct. 53, 530 A.2d 982 (1987).

[3] In workmen's compensation proceedings, the referee is the fact finder and arbiter of credibility. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed and Supply, Inc.),* 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987).

following the August 5, 1982 injury.[4] In fact, Petitioner had visited Dr. VanDervort on August 2, 1982, just three days before the work related injury. The referee also had before him testimony from Petitioner describing the work related injury as follows:

Well, as I was going from the cherry picker to another machine, I slipped and fell from the deck of the picker . . . I landed on this hand first on the concrete. My elbow hit a rail. It's inside a building used for railroad trains, inside the building, hit this elbow, rolled over this way, pulled the ligaments in my groin and my left leg was hooked up on the ladder on the machine.

N.T. at 7. The referee also had before him the deposition of Dr. VanDervort. Dr. VanDervort testified, with a reasonable degree of chiropractic certainty, that the treatment on August 6, 1982 and all subsequent treatments were for the August 5, 1982 injury (VanDervort deposition at 7). Based on the above evidence, the referee granted Petitioner's petition to set aside the final receipt.

In its opinion reversing the referee's decision, the Board quoted Petitioner's description of this injury and noted information apparently contained in an emergency room report from the hospital in which Petitioner was treated the day of the injury.[5] The Board then reviewed Dr. VanDervort's deposition and his records on Petitioner, and stated:

---

[4] This pre-injury course of treatment was for injuries Petitioner suffered in a 1963 automobile accident.

[5] The emergency room report was not introduced as evidence and appears in the record only in the form of a question from Employer's counsel to Petitioner:

Q. They have a very brief summary of the type of treatment they rendered and they put as the diagnosis, contusion to the right wrist, sprain, and then right inguinal

> [Dr. VanDervort's] records noted that [Petitioner] 'has got a pain in his neck, shoulder, back, ribs and right arm and wrist.' The Board observes that, with the exception of the right arm and wrist, the doctor's notation is not at all consistent with either the Claimant's own testimony on [sic] the emergency room summary.

Board opinion at 3. The Board went on to note its agreement with Employer's assertion that Dr. VanDervort never differentiated between the pre-injury and the post-injury treatments. The Board conceded that Dr. VanDervort had used the "magic words" necessary to establish causation, but concluded that "the totality of [Dr. VanDervort's] testimony when viewed in its entirety simply does not support that conclusion, and the Referee's finding in that regard is not supported by Dr. VanDervort's testimony." Board Opinion at 3.

In support of its conclusion, the Board stated as follows:

> Initially, we must observe that the doctor's diagnosis (p. 6) of 'sublaxations complex of the cervical, dorsal, and lumbar vertabrae' [sic] bear [sic] no relationship to either the Claimant's description of the injury or to the emergency room report. He also noted (p. 21) that the cervical problem is the worst. We find that more compatible with the broken neck from the automobile accident than with a broken arm bone or a groin pull. Next we note that the doctor was less

---

> ligament strain, that would be a pulled muscle in the groin area. Is that the treatment you received on that particular day?
>
> A.   Well, they didn't treat me for the lower injury. They treated me for the hand and I had a cut here on the elbow and they put me in a removable cast.

N.T. at 8.

than candid regarding his history of treating the Claimant. Originally he gave every indication (p. 5) that he began treating the Claimant on 8/6/82. Under cross-examination (pps. 24-28) he admitted that Claimant had been a previous patient, with the most recent visit being 8/2/82, just three days before the accident! He characterized these earlier visits as 'sporadic', although his own records indicate there were 34 visits in 1977 and 35 visits in 1980 vs. 41 visits in 1983, the first full year after the injury. The doctor was simply unable to show that the basis for treatment before August 6, 1982, and after that date, were any different. 'I don't treat symptoms of the spine, per se. I correct the spinal imbalance in the whole spine. So it doesn't matter what the symptoms are as to what I do. And that would be basically the same type of care no matter what the injury is there' (p. 32).

Our review of Dr. VanDervort's testimony leads us to conclude that, when viewed in its entirety, it is not sufficient competent evidence to support the Referee's findings relative to sufficiently establishing a relationship between his treatments and the injury as described by the Claimant and confirmed by the emergency room records.

Board Opinion at 7-8.

Review of the Board's opinion reveals that the Board viewed Dr. VanDervort's testimony less than favorably. However, it is not the function of the Board to determine credibility. We have long adhered to the rule set forth in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973) where we stated, in interpreting section 423 of the Act,[6] that amendments to the Act made the referee

---

[6] 77 P.S. §854.

the ultimate fact finder.[7] We further stated that the referee, and not the Board, would be the final arbiter of credibility.[8] *Id*. Accordingly, where the referee's decision is supported by substantial evidence it is not to be disturbed by the Board.

The Board Opinion states that the referee's decision is not supported by "sufficient competent evidence." Board Opinion at 8. Our review of the evidence establishes, however, that the testimony of Petitioner and Dr. VanDervort, *if believed,* constitutes substantial evidence to support the referee's findings. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kassouf v. Zoning Hearing Board of Scott Township,* 112 Pa. Commonwealth Ct. 182, 535 A.2d 261 (1987). In the present case, both Dr. VanDervort and Petitioner stated that, following the injury, Petitioner would be unable to work if he discontinued the chiropractic treatments. Dr. VanDervort stated that Petitioner's complaint changed at the time of the injury, VanDervort deposition at 33, and also stated that after the accident there was evidence of a traumatic injury. VanDervort deposition at 31. Petitioner testified that prior to the injury he saw Dr. VanDervort for his lower back and that following the injury he was treated for his neck and his ribs. N.T. at 13. Dr. VanDervort further stated that the injury to Petitioner's right arm led Petitioner to compensate by using his left arm and that in using his left arm this way Petitioner "had to go through gross motions to do that or unnatural type motions which kept irritating the neck and the upper back, and it created kind of a chronic type situation which lasted

---

[7] If the Board hears new evidence then the Board may make findings of fact. *Id*.

[8] We specifically noted that the Board may consider the credibility of any witnesses which appear before it. *Id*.

several years." VanDervort deposition at 7-8. This testimony, if believed, constitutes substantial evidence to support the referee's finding that Petitioner's injury resulted in the need for the chiropractic treatments after August 5, 1982. The referee explicitly stated that he accepted this testimony as fact. Thus, even if the Board's reversal is based on a conclusion that the referee's decision is not supported by substantial evidence, it must still be reversed.[9]

Accordingly, the order of the Board is reversed.

ORDER

AND NOW, June 14, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and the order of the referee is reinstated.

---

[9] We note, however, our agreement with the Board's conclusion that use of the "magic words", in and of itself, is not sufficient to support an award.