547 A.2d 870

Children's Hospital of Philadelphia, Petitioner *v.* Workmen's Compensation Appeal Board (Washington), Respondents.

*Stephen Ledva, Jr., Thompson and Pennell,* for petitioner.

*Larry Pitt,* for respondent.

OPINION BY JUDGE PALLADINO, September 23, 1988:
Children's Hospital of Philadelphia (Employer) petitions for review of a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's grant of Anita Washington's (Claimant) petition to set aside a final receipt pursuant to section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

Claimant suffered a work related injury on May 23, 1984 when she slipped and fell at work. Claimant suffered injuries to her left knee, right leg, left hip and lower back. Claimant received benefits until June 18, 1984, at which time she returned to her pre-injury employment as a general service worker; Claimant signed a final receipt on November 1, 1984. On June 4, 1985,

Claimant left her employment because recurring and worsening pain in her left knee and lower back rendered her unable to continue working.

On September 18, 1985, Claimant filed a petition to set aside the final receipt, alleging that she had not recovered from the injury of May 23, 1984 when she signed the final receipt and that her disability recurred on June 4, 1985, rendering her totally disabled. Claimant presented her own testimony and the deposition testimony of her treating physician, Raymond Silk, M.D. The referee, finding Claimant a credible witness and Dr. Silk a more credible and convincing witness than Employer's medical witness, granted Claimant's petition and reinstated benefits; the Board affirmed. Employer has appealed to this court.[1] Although Employer raises several issues in its Statement of Questions,[2] it has briefed only two issues. We shall address only the issues briefed; they are as follows: 1) whether there is unequivocal medical testimony to support the referee's finding that all disability had not terminated at the time the final receipt was signed and 2) whether there is unequivocal medical testimony to support the referee's finding of recurrence. Employer asserts that

---

[1] Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. *Allied Chemical v. Workmen's Compensation Appeal Board (Witkowski)*, 115 Pa. Commonwealth Ct. 251, 539 A.2d 1386 (1988).

[2] Employer's Statement of Questions is as follows:

Did the Workmen's Compensation Appeal Board and Referee commit errors of law in setting aside a Final Receipt and Reinstating disability benefits, is the Referee's Decision supported by substantial competent evidence, did the Claimant as a matter of law fail to satisfy her burdens of proof and introduce necessary medical testimony of a sufficiently unequivocal nature and did the Board commit an error of law in refusing to apply the capricious disregard of competent evidence standard of review.

neither finding is supported by unequivocal medical testimony and therefore neither finding is supported by substantial evidence. For the reasons which follow, we affirm.

In a petition to set aside a final receipt, the claimant bears the burden of proving by sufficient credible evidence that all disability attributable to the injury had not, in fact, terminated at the time the final receipt was signed. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Company)*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984). Because Claimant here had resumed work with no loss of earning power and no obvious residual disability, unequivocal medical testimony was necessary to establish continuing disability entitling Claimant to have the final receipt set aside. *Mellor v. Workmen's Compensation Appeal Board (Wilson Tires, Inc.)*, 102 Pa. Commonwealth Ct. 504, 518 A.2d 1308 (1986). However, here, as in *Mellor*, the referee, the Board and Claimant all seem to have assumed that proving a recurrence was sufficient to meet Claimant's burden, even though she never filed a reinstatement petition. As we noted in *Mellor*, if relief is justified by the evidence, then it may be granted under a section of the Act other than the one invoked by the claimant. Accordingly, we will assume, as we did in *Mellor*, that the referee considered Claimant's petition as both one to set aside a final receipt and one for reinstatement.

With regard to the evidence on the petition to set aside, we agree with Employer's assertion that the medical evidence is insufficient to meet Claimant's burden of proof. Dr. Silk testified that he had not treated Claimant between June of 1984 and June of 1985, and could not state whether Claimant had any complaints during that period. Silk deposition, March 21, 1986, at 4-5. This evidence is insufficient to establish disability

at the time the final receipt was signed. *Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 492 A.2d 773 (1985).

With regard to reinstatement, however, Dr. Silk's testimony supports the referee's decision. In a petition for reinstatement of benefits under section 413 of the Act, 77 P.S. §772, a claimant's burden is to prove that a disability has increased or recurred subsequent to the date of the prior award. *Dunmore.* Where a causal relationship is not obvious, unequivocal medical testimony is required to link a subsequent period of disability to a claimant's original work related injury. *Mellor.*

Dr. Silk's testimony is not without ambiguity. However, the requirement that medical evidence be unequivocal cannot reasonably be viewed as a demand for perfect testimony from members of the medical profession. In the course of his deposition, Dr. Silk testified that in June of 1985 Claimant was suffering from superficial thrombophlebitis and that he later diagnosed a "hypertrophy medial head of the gastrocnemius, unilateral hypertrophy," which caused a mass behind Claimant's left knee. Silk deposition, March 21, 1986, at 7. Dr. Silk testified that the thrombophlebitis stemmed from the injury Claimant suffered in 1984, *id.* at 11-13, but that the mass was not related to the injury. *Id.* at 10. Dr. Silk further stated that Claimant's low back pain was secondary to the superficial thrombophlebitis, Silk deposition, January 17, 1986, at 10, and that Claimant was classified as a chronic pain syndrome patient. *Id.* Finally, Dr. Silk testified, with a reasonable degree of medical certainty, that "[b]ased on her history she would have recurrences from the accident of May 23, 1984," *id.* at 11, and that his unpaid bills resulted from the work injury she sustained on May 23, 1984. *Id.* at 12-13.

Employer points out that numerous forms processed through Dr. Silk's office state that the treatments which began in June of 1985 did not stem from a work related incident. However, Dr. Silk was exhaustively cross-examined on this issue and stated that the forms had been erroneously filled out by his office staff. Silk deposition, March 21, 1986, at 13-18. This conflict between the forms and Dr. Silk's testimony resolves into a matter of the weight to be given testimony, a determination within the sole province of the referee. *Werner v. Workmen's Compensation Appeal Board (Bernardi Brothers, Inc.),* 102 Pa. Commonwealth Ct. 463, 518 A.2d 892 (1986).

The thrust of Employer's appeal is that Dr. Silk recanted and contradicted much of his testimony and, therefore, his testimony cannot constitute substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Ulbrich v. Workmen's Compensation Appeal Board (Higgins Erectors),* 117 Pa. Commonwealth Ct. 136, 542 A.2d 1062 (1988). We have carefully reviewed the entirety of Dr. Silk's testimony and conclude that it contains evidence which, if believed, constitutes substantial evidence. Although Dr. Silk frankly admitted that certain aspects of Claimant's condition did not result from the work related injury, he also testified that the thrombophlebitis and pain were related to the work injury and that much of his post-injury treatment was necessitated by the work injury. The referee found Dr. Silk's testimony credible, despite any ambiguity which might exist. We cannot, and will not, substitute our judgment for that of the referee. Dr. Silk's testimony, if interpreted in Claimant's favor, as it obviously was, supports the referee's decision.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, September 23, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.