548 A.2d 684

Thomas D. O'Leary, Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Mines Corp.), Respondents.

*Thomas P. Geer,* for petitioner.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for respondent, Bethlehem Mines Corp.

OPINION BY JUDGE CRAIG, October 12, 1988:

Thomas D. O'Leary appeals from an order of the Workmen's Compensation Appeal Board, which affirmed a decision of a referee denying his application for

benefits under The Pennsylvania Workmen's Compensation Act.[1]

The sole issue is whether there is substantial evidence to support the referee's finding that O'Leary's injury in 1982 did not constitute an aggravation of his injury in 1978. Because we conclude that the evidence shows that both the injury in 1978 and the injury in 1982 were recurrences of an injury in 1976, and thus the 1982 injury was a recurrence of the 1978 injury, we reverse.

The history of this case is as follows. O'Leary began his employment as an underground coal miner with Bethlehem Mines Corporation on March 22, 1976. In November of 1976, O'Leary suffered an injury to his lower back, for which he received benefits under the Act. He executed a final receipt and returned to work. On June 6, 1978, O'Leary was again incapacitated by lower back problems. O'Leary filed a new claim for the June 1978 injury and was awarded benefits. O'Leary suffered a recurrence on May 8, 1979, for which he received benefits under a supplemental agreement. On February 1, 1980, O'Leary executed a final receipt. On August 17, 1982, O'Leary had to leave the mine because of pain in his lower back. In December of 1982, O'Leary filed a petition for reinstatement, alleging that on August 17, 1982, he suffered a recurrence of the injury he had suffered on June 6, 1978. At the hearing, the referee permitted O'Leary's counsel to amend his petition for reinstatement to a new claim petition alleging that the injury suffered by O'Leary on August 17, 1982 constituted an aggravation of a pre-existing back condition.

The referee made the following findings of fact:
22. That after considering all of the facts, events, and testimony in this case, your Referee

_____

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

finds as a fact that there is no credible testimony or evidence to establish any work-related incident on August 17, 1982, which involved this claimant or resulted in any injury to this claimant.

23. That your Referee finds as a fact that the claimant was not involved in any incident or event during the course of his employment with this defendant on August 17, 1982, which resulted in an injury to this claimant.

24. That there was no incident, physical occurrence, or physical process which occurred during the course of claimant's employment with this defendant on August 17, 1982, which caused any aggravation of claimant's prior back condition resulting from his injury of June 6, 1978.

25. That there is no objective evidence of any physical impairment, limitation or disability which remained, resulting from or related to the claimant's injury of June 6, 1978.

26. That after considering all of the testimony and all of the medical evidence presented, your Referee finds as a fact that any pain, discomfort or physical impairment experienced by the claimant on and after August 17, 1982 was a recurrence or a flare-up of his prior low back problem caused by and related to his original injury of November, 1976.

27. That any pain, discomfort or impairment of physical function experienced by this claimant was not and is not the result of, or in any way related to any work-related incident or injury which occurred during the course of his employment on August 17, 1982.

The referee also stated:

> After a careful review of all of the evidence and testimony offered in his case, including the medical evidence, your Referee agrees with claimant's doctor, Dr. Roberts, that this claimant had recurring difficulty with his low back, some of which occurred at home and some of which occurred at work, but certainly, all were related to the original injury sustained in 1976.

Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, and whether the necessary findings of fact are supported by substantial evidence. *D.P. Herk Zimmerman, Jr., Inc. v. Workmen's Compensation Appeal Board (Himes)*, 103 Pa. Commonwealth Ct. 68, 519 A.2d 1077 (1987). In making the findings of fact, the referee determines the credibility of the witnesses and the weight of their testimony. Where those findings are based on substantial evidence, they are binding. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981).

O'Leary initially filed a petition for reinstatement asserting that his injury in August 1982 was a recurrence of his injury in 1978. At the hearing, O'Leary's counsel amended his petition to assert that the injury O'Leary incurred on August 17, 1982 was a new injury. Despite O'Leary's counsel's amendment of the petition to allege a new injury, the referee properly considered all of the possible situations that, if proven by O'Leary, would entitle him to benefits. The referee listed the following:

> (1) A new injury or incident on August 17, 1982;

-or-

(2) An incident or occurrence on August 17, 1982 which caused an aggravation of his pre-existing back condition;

-or-

(3) Establishing a recurrence or continuation of his pre-existing back condition which was caused by his prior back injury which occurred on June 6, 1978, since the time limitations had expired on Setting Aside the Final Receipt on his injury of November, 1976.

As this court noted in *Dunsmore School District v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 371, n.4, 492 A.2d 773, 775, n.4 (1985), "[a]s long as the evidence justifies relief under some section of the Act, that relief may be granted regardless of the section under which the petition has been filed."

Therefore, this court must examine whether there is substantial evidence to support the finding that O'Leary's injury in 1982 was not a recurrence of the 1978 injury.

The referee concluded that the 1982 injury was a separate injury from that suffered in 1978. Moreover, he concluded that the 1982 injury was a recurrence of the 1976 injury, and that because O'Leary had failed to file a petition to set aside final receipt within three years of the last payment of compensation for the 1976 injury, as required by section 413 of the Act,[2] O'Leary could not recover.

---

[2] Section 413 of the Act provides:

No notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation prior to the filing of such petition.

77 P.S. §772.

In order to be entitled to reinstatement of benefits, a claimant has the burden of proving a causal connection between his current condition and his previous work-related injury. *Brentworth School District v. Workmen's Compensation Appeal Board (Morris)*, 74 Pa. Commonwealth Ct. 315, 459 A.2d 906 (1983).

In this case, the referee expressly accepted Dr. Roberts' expert testimony, which was that all the injuries suffered by O'Leary were related to the original one in 1976. Thus, the 1982 injury is necessarily as much a recurrence of the 1978 injury as of the 1976 injury. Accordingly, O'Leary proved a causal connection between his present condition and the previous work-related injury in 1978, and there is no substantial evidence to support the referee's finding that the 1982 injury was a separate injury from the 1978 injury.

Therefore, we reverse the decision of the board and grant benefits to O'Leary from August 17, 1982 until October 4, 1982, the date Dr. Roberts released him to return to work.

## ORDER

NOW, October 12, 1988, the order of the Workmen's Compensation Appeal Board, S.S. No. 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, dated October 16, 1987, is reversed, and O'Leary is granted benefits from August 17, 1982 until October 4, 1982.

This decision was reached prior to the resignation of Judge MACPHAIL.

Judge PALLADINO dissents.