581 A.2d 678

**John J. McMAHON, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD**
**(Volkswagen of America and Sentry Insurance**
**Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 1988.

Decided July 5, 1988.

Designated as Opinion to be Reported Oct. 25, 1990.

As Amended Jan. 21, 1991.

1

2

John S. Cupp, Jr., Cupp & Ritz, Uniontown, for petitioner.

Raymond Keisling, with him, Ronald Ganassi, Carnegie, for respondents.

Before BARRY and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

John J. McMahon (Claimant) appeals from a Workmen's Compensation Appeal Board (Board) decision affirming the referee's denial of Claimant's petition to set aside a final receipt and awarding payment of medical bills pursuant to Claimant's petition for review under The Pennsylvania Workmen's Compensation Act (Act).[1] Issues presented for review are whether the referee erred in determining that Claimant's disability had ended when he executed the final receipt; whether Claimant was unable to return to work because there was no job available when Claimant's lay-off ended; and whether the referee erred in awarding payment of Claimant's medical bills, but denying compensation for disability. We affirm the Board's decision.

Claimant, an assembler, injured his right shoulder at work on January 27, 1979 and was paid compensation for total disability from bicepital tendonitis for the period January, 1979 until August, 1979 when he returned to light duty

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

work sweeping floors and picking up paper pursuant to the collective bargaining agreement between Employer and Claimant's union. By supplemental agreements Claimant was reimbursed for medical expenses and received additional compensation from January to October of 1982. Claimant executed a final receipt on December 8, 1982 and returned to work as an alcohol rub-off again pursuant to the collective bargaining agreement and within medically prescribed limitations. Claimant was ultimately laid-off on June 15, 1984 due to complete plant closing for remodeling, and not recalled because of insufficient seniority. Claimant collected unemployment compensation until March 31, 1985 when he obtained employment but was later rejected for failure to pass a physical examination.

Claimant filed two petitions on April 11, 1985 against Volkswagen of America (Employer).[2] Claimant's petition to set aside final receipt alleged that he was returned by Employer to a specially created light duty job within medically prescribed limitations on December 3, 1982 and laid-off on June 15, 1984. The petition for review challenged Employer's denial of responsibility for Claimant's remaining unpaid medical bills related to his January 27, 1979 compensable injury.

█ The referee, after hearing, found that Employer's medical testimony was credible; that Claimant has a residual right shoulder disability which does not incapacitate him from performing his job; that Claimant failed to meet his burden of proof imposed by Section 434 of the Act[3] since no medical or lay testimony was presented to show that Claimant was disabled when he executed the December 8, 1982 final receipt; and that Claimant satisfied his burden of proving that substantial medical bills remain unpaid. The Board affirmed the referee and Claimant petitioned this Court for review. This Court's scope of review is limited to determining whether constitutional rights have been violated; whether an error of law was committed; or whether

**2.** Both petitions were consolidated into one proceeding.

**3.** 77 P.S. § 1001.

any finding of fact necessary to support the decision is not supported by substantial evidence. *Mellor v. Workmen's Compensation Appeal Board (Wilson Tires, Inc.)*, 102 Pa.Commonwealth Ct. 504, 518 A.2d 1308 (1986); Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

 Section 434 of the Act provides that a final receipt is prima facie evidence of termination of the employer's liability to pay compensation: Provided, however, that the referee may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition, if it be shown that all disability due to the injury in fact had not terminated. Claimant must prove by sufficient credible competent evidence that all disability attributable to any injury had not ceased when the final receipt was executed. *Mellor.* Sufficient evidence is that quantum of evidence which satisfactorily persuades a fact finder that some disability did exist at the time when the final receipt was executed. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Company)*, 86 Pa.Commonwealth Ct. 28, 483 A.2d 593 (1984). Where a claimant, as here, has resumed work with no loss of earning power and no obvious residual disability, unequivocal medical testimony is required to establish a continuing disability to set aside a final receipt. *Mellor.*

Neither Claimant nor his physician, Dr. Edge, specifically testified that Claimant was disabled when he executed the final receipt. Moreover, Dr. Edge testified that he initially saw Claimant on October 18, 1985, almost three years after Claimant executed the final receipt. Dr. Edge's deposition, p. 8. Claimant therefore failed to satisfy his burden of proof. It is irrelevant that Employer's medical testimony may not sufficiently support the referee's finding since Employer did not have the burden of proof. *See Mellor; Sheibley.*

 Claimant next contends that his inability to return to a specially created job because of lack of available work is sufficient ground for granting compensation. This issue was not raised below, and therefore, cannot be raised for

the first time on appeal. *Haney v. Workmen's Compensation Appeal Board (Patterson–Kelley Company, Inc.)*, 65 Pa.Commonwealth Ct. 461, 442 A.2d 1223 (1982); Pa.R.A.P. 1551.

■ Claimant finally argues that the referee's decision is inconsistent on its face for awarding the payment of medical bills, but denying compensation for disability. The fact that a claimant's injury is no longer compensable does not in and of itself preclude him from receiving reimbursement of medical expenses incurred under Section 306 of the Act.[4]

Because we find sufficient evidence to support the referee's findings and conclusions, and no error of law was committed, we affirm the Board's decision.

## ORDER

AND NOW, this 5th day of July, 1988, the Workmen's Compensation Appeal Board decision dated February 10, 1987 is affirmed.

---

4. *See* 77 P.S. § 531 which governs payment of surgical and medical services and supplies.