**AEGIS SECURITY INSURANCE COMPANY, Petitioner,**

v.

**PENNSYLVANIA INSURANCE DEPARTMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 12, 2001.
Decided May 17, 2002.

Andrew H. Foulkrod, Harrisburg, for petitioner.

Sandra L. Ykema, Harrisburg, for respondent.

BEFORE: DOYLE, Senior Judge,[1] SMITH–RIBNER, Judge, and JIM FLAHERTY, Senior Judge.

OPINION BY Senior Judge DOYLE.

Aegis Security Insurance Company (Aegis) petitions for review of an order of the Insurance Commissioner of Pennsylvania (Commissioner) that affirmed an order of the Pennsylvania Insurance Department (Department) holding that Aegis' cancellation of Kelly Broschart's homeowners' insurance policy was in violation of the Unfair Insurance Practices Act (Act)[2] and that that policy shall remain in force. We affirm the Commissioner's order.

Aegis issued a policy of preferred homeowners' insurance to Kelly Broschart in 1998. It was the policy of Aegis not to provide preferred coverage to any applicant who owned an animal known to be unfriendly. When she applied for coverage, Ms. Broschart owned a dog, a nine-year old, three-legged Springer Spaniel named Heidi, which, it has been stipulated by the parties, was not known to be unfriendly at the time of the application.

Ms. Broschart's property is bordered in the back by a creek and woods. A "No Trespassing" sign is posted in the rear of the property at the creek. There is no natural entrance to the property from the rear but Heidi is accustomed to seeing Ms. Broschart's son and neighboring children come into the property by crossing the creek. Heidi has played with Ms. Broschart's son and neighboring children for the past nine years without incident. Heidi is accustomed to seeing strangers approach the property from the front of the house. On July 6, 1999, Trooper Frederick Dyroff of the Pennsylvania State Police crossed onto the rear of the property by crossing the creek and climbing two embankments to reach the Broschart house. Dyroff had been to the property before but had always approached by the driveway. Heidi had not been unfriendly to Dyroff on his previous visits. Heidi was on the porch of the house when she saw Dyroff. As he approached she moved off the porch toward him. Dyroff was carrying a hard leather portfolio that he waved at Heidi in an attempt to shoo her away from him. Heidi reacted by nipping at Dyroff, tearing his pants and inflicting a superficial wound

1. This case was assigned to the opinion writer prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. Act of July 22, 1974, P.L. 589, *as amended,* 40 P.S. §§ 1171.1–1171.15.

on his thigh. Ms. Broschart walked onto the porch as Dyroff pulled his service weapon and pointed it at Heidi. Ms. Broschart called Heidi to her and Heidi responded by obediently going to her side.

Aegis cancelled Ms. Broschart's homeowners' insurance policy when it learned of this incident because it determined that the incident constituted a substantial increase in hazard subsequent to the inception of the insurance policy. The Department's Bureau of Consumer Services investigated and determined that the policy had been cancelled in violation of the Unfair Insurance Practices Act. Aegis appealed and, after a hearing and briefing, the Commissioner issued an order affirming the Department's determination. This appeal followed.

■ The issues presented are whether the Commissioner's finding that Heidi was provoked into biting someone is supported by substantial evidence, and whether the Commissioner erred in concluding that, despite the incident, Aegis was not presented with a substantial increase in hazard after the policy was issued.[3]

■ The term "substantial change or increase in hazard" in Section 5(a)(9) of the Act,[4] 40 P.S. § 1171.5(a)(9), has been defined as a risk that an insurance company could not have reasonably been presumed to have contracted for when the policy was written. *Erie* (citing *Lititz Mutual Insurance Company v. Insurance Department*, 43 Pa.Cmwlth. 9, 401 A.2d 606 (1979)). The mere presence of or the introduction into a home of a dog, even of a breed known to be aggressive, is not a basis for finding a substantial increase of hazard absent some showing that the particular dog creates that risk. *Lititz Mutual.*

The Commissioner has determined that whether or not a dog was provoked into aggressive behavior is the standard to be applied in determining if an incident involving a particular dog represents a substantial increase in hazard. In applying this standard, the Commissioner previously found that such an increase did not exist where a dog bit a person who entered a property through a gate marked "Beware of Dog" and ignored a sign instructing those who entered to ring a bell. *In re White (Liberty Mutual)*, No. PH97–07–016

---

**3.** Our standard of review is limited to determining whether constitutional rights were violated, an error of law was committed, and whether findings of fact are supported by substantial evidence. *Erie Insurance Exchange v. Insurance Department*, 129 Pa. Cmwlth. 120, 564 A.2d 1312 (1989).

**4.** Section 5(a)(9) of the Act provides, *inter alia,* as follows:

Cancelling any policy of insurance covering owner-occupied private residential properties or personal property of individuals that has been in force for sixty days or more or refusing to renew any such policy unless the policy was obtained through material misrepresentation, fraudulent statements, omissions or concealment of fact material to the acceptance of the risk or to the hazard assumed by the company; or there has been a substantial change or increase in hazard in the risk assumed by the company subsequent to the date the policy was issued; or there is a substantial increase in hazards insured against by reason of wilful or negligent acts or omissions by the insured; or the insured has failed to pay any premium when due whether such premium is payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit; or for any other reasons approved by the commissioner pursuant to rules and regulations promulgated by the commissioner. No cancellation or refusal to renew by any person shall be effective unless a written notice of the cancellation or refusal to renew is received by the insured either at the address shown in the policy or at a forwarding address....

40 P.S. § 1171.5(a)(9).

(Pa.Ins.Comm'r, Dec. 30, 1997).[5] An increase did not exist where a child was bitten when it approached a dog that had just been given its dinner where the dog had never before shown aggression. *In re Ranieli (White Hall Mutual),* No. P94–11–030 (Pa.Ins.Comm'r, Jan. 17, 1997). An increase *did* exist where the incident was the third in which a particular dog had bitten people. *In re Witmyer (Lititz Mutual),* No. P94–03–13 (Pa.Ins.Comm'r, Oct. 31, 1995). And, an increase existed where a Rottweiler left its owners' property, followed and viciously attacked a person. *In re Wetzel & Bresinger (Charter Oak),* PH96–09–019 (Pa. Ins. Comm'r, June 30, 1998). The common thread that binds these cases is provocation. In the first two cases, where no increase in risk was found, the dogs were determined to have been provoked into attacking; in the second two, where an increase was found to exist, the dogs attacked without provocation.

We find the same thread of provocation when we examine the statute regulating dogs within our Commonwealth. Section 502–A of the Dog Law,[6] 3 P.S. § 459–502–A, uses provocation as a criterion in determining whether a dog is a dangerous dog. Section 502–A provides, in relevant part, as follows:

> The owner or keeper of the dog shall be guilty of the summary offense of harboring a dangerous dog if the district justice finds beyond a reasonable doubt that the following elements of the offense have been proven:
>
> (1) The dog has done one or more of the following:

>> (i) Inflicted severe injury on a human being without provocation on public or private property.
>>
>> (ii) Killed or inflicted severe injury on a domestic animal without provocation while off the owner's property.
>>
>> (iii) Attacked a human being without provocation.
>>
>> (iv) Been used in the commission of a crime.
>
> (2) The dog has either or both of the following:
>
>> (i) A history of attacking human beings and/or domestic animals without provocation.
>>
>> (ii) A propensity to attack human beings and/or domestic animals without provocation. A propensity to attack may be proven by a single incident of the conduct described in paragraph (1)(i), (ii), (iii) or (iv).

3 P.S. § 459–502–A.

Our courts have determined dogs to be dangerous where a person who did not excite or provoke a dog in any way was attacked while walking away from it. *Commonwealth v. Baldwin,* 767 A.2d 644 (Pa.Cmwlth.2001). A dog was determined to be dangerous where it escaped from a house, ran into the street and attacked without provocation. *Commonwealth v. Hake,* 738 A.2d 46 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 561 Pa. 679, 749 A.2d 473 (2000).

Generally, substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Ulbrich v. Workmen's Compensation Appeal Board (Higgins Erec-*

---

**5.** This citation and those that immediately follow refer to adjudications by the Insurance Commissioner. Although we recognize that we are not bound by these adjudications, *Standard Fire Insurance Company v. Insurance Department,* 148 Pa.Cmwlth. 350, 611 A.2d 356 (1992), we nevertheless find them instructive here.

**6.** Act of December 7, 1982, P.L. 784, *as amended,* 3 P.S. §§ 459–101–459–1205.

*tors),* 117 Pa.Cmwlth.136, 542 A.2d 1062 (1988). Evidence becomes insubstantial only when it is clear that it is so inadequate and contradictory that an administrative finding based on it becomes mere conjecture. *Yockey v. Workmen's Compensation Appeal Board (Pacemaker Driver Service),* 79 Pa.Cmwlth.250, 468 A.2d 1199 (1983). And, this Court must examine the testimony in the light most favorable to the party prevailing in the proceeding below and give that party the benefit of any inferences that can be logically and reasonably drawn from the evidence. *Johnson v. Unemployment Compensation Board of Review,* 94 Pa.Cmwlth. 24, 502 A.2d 738 (1896). Also, the Insurance Commissioner's determination of witness credibility is within her exclusive province as the finder of fact and is not subject to review by this Court. *Travelers Indemnity Co. v. Insurance Department,* 126 Pa.Cmwlth. 41, 558 A.2d 568 (1989).

■ We first address the question of whether the Commissioner's finding that Heidi was provoked into biting is supported by substantial evidence. The record reflects that Trooper Dyroff had previously approached the Broschart house from the driveway without incident when Heidi was present, that he approached the property on the day he was bitten in a way that Heidi was not accustomed to seeing strange adults approach, and that he waved a hard leather portfolio in her direction when she got close to him. Just as another dog was found to have been provoked when someone ignored a "Beware of Dog" sign and entered its yard without ringing a bell, the record reflects that Heidi was provoked when the trooper passed a "No Trespassing" sign, appeared to Heidi to be someone who did not belong, and made what Heidi interpreted as a threatening gesture. Therefore, substantial evidence of record supports the Insurance Commissioner's findings of fact.

■ The standard to apply in determining whether an incident involving a particular dog represents a substantial increase in hazard is whether or not that dog was provoked. If a dog is provoked, no increase in hazard exists. After the Commissioner found that Heidi *was* provoked into biting, there can be no error in her further determination that Aegis was not presented with a substantial increase in hazard after the policy was issued.

Accordingly, we affirm the order of the Insurance Commissioner.

### ORDER

AND NOW, this *17th* day of *May,* the Order of the Insurance Commissioner in the above-captioned matter is hereby affirmed.